535 P.2d 1297

**STATE of Arizona, Appellee,**

v.

**Cornelius O. BELCHER, Appellant.**

**No. 3016.**

Supreme Court of Arizona,
In Division.

June 4, 1975.

Rehearing Denied July 8, 1975.

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, Former Atty. Gen., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The appellant, Cornelius O. Belcher, pled guilty to the crime of armed robbery, received a five year suspended sentence and was placed on probation.

Less than six weeks later a bench warrant was issued for the appellant's arrest on the basis of a "Petition to Revoke Probation" which alleged Belcher violated a condition of his probation by twice possessing a firearm without the consent of his probation officer. An initial appearance was held on May 21, 1974, at which time the defendant denied the allegations in the

petition. The preliminary hearing on revocation was set for June 6, 1974. On that date the presiding judge, for unknown reasons, appeared dissatisfied with what occurred at the previous hearing. The defendant reaffirmed his denial of the allegations in the petition and declined to waive his right to a speedy hearing. The trial judge then set the new preliminary hearing on revocation for June 20, 1974.

On June 10, 1974, the defendant filed a motion to dismiss alleging violation of the defendant's right under Criminal Rule 27.7 to a preliminary hearing on revocation within twenty days of his initial appearance. At the preliminary hearing the defendant's motion to dismiss was denied and the court determined that "on April 28, 1974, the defendant was in possession of a loaded 22 revolver without the consent of the Probation Officer and thus in violation of the terms of his probation." On June 28, 1974, an order was issued revoking the defendant's probation and sentencing him to a term of not less than five or more than seven years in the Arizona State Prison.

▆ Appellant's first contention is that the trial court's denial of his motion to dismiss at the outset of the preliminary hearing was an abuse of discretion. We do not agree. The comment to Rule 27.-7(a), 17 A.R.S., states that the twenty day time limit is designed "to protect probationers from lengthy unwarranted incarceration." The time limit is not jurisdictional and in the absence of prejudice we will not reverse the trial court's decision to revoke. State v. Huante, 111 Ariz. 236, 527 P.2d 281 (1974). The United States Supreme Court has held that due process requires that a revocation hearing must be held within "a reasonable time" after a probationer is taken into custody. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972). The court stated that a two month period "would not appear to be unreasonable." Morrissey v. Brewer, supra. The lapse in this case between apprehension and the preliminary hearing was obviously less than two months.

The appellant has failed to show any prejudice in this case. The ten day delay alone is not sufficiently "lengthy" to establish an abuse of discretion, especially where, as here, the trial judge specifically provided that the sentence imposed was to date from the defendant's apprehension.

The appellant's second contention is that hearsay testimony given by the probation officer at the preliminary hearing was insufficient to establish the violation alleged and infringed upon his Sixth Amendment right to confront and cross-examine adverse witnesses. We do not agree. Rule 27.7(c)(3) states "[t]he court may receive any reliable evidence not legally privileged, including hearsay." This is in accord with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), where the United States Supreme Court remarked:

"An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses. * * * While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for live testimony * * *." 411 U.S. at 782, 93 S.Ct. at 1760, 36 L.Ed.2d at 662.

▆ At the preliminary hearing the probation officer testified that he was originally informed by the Phoenix Police Department that the defendant had been arrested and charged with carrying a concealed weapon. The officer stated he had not seen Belcher in possession of a concealed weapon and had not attended the trial on that charge in Justice Court. At the conclusion of the officer's testimony, however, both attorneys advised the court that the appellant had pled guilty to the charge and had been placed on ninety days probation. Thus the officer's hearsay allegations in the "Petition to Revoke Probation" and at trial that Belcher had violated

a condition of his probation by possessing a deadly weapon was clearly "reliable" for purposes of Criminal Rule 27.7(c)(3). The decision to revoke probation was not erroneous on the ground it was based exclusively on hearsay testimony. State v. Brown, 23 Ariz.App. 225, 532 P.2d 167 (1975); State v. Salinas, 23 Ariz.App. 232, 532 P.2d 174 (1975).

The revocation and sentence are affirmed.

CAMERON, C. J., and STRUCKMEYER, J., concur.