547 P.2d 1049

**Abelardo DURAN, Petitioner,**

**v.**

**STATE of Arizona, the Superior Court of Maricopa County, Arizona, and the Honorable Marilyn Riddel, Judge of the Superior Court of Maricopa County, Arizona, Respondents.**

**No. 12552.**

Supreme Court of Arizona,
En Banc.
April 1, 1976.

---

Ross P. Lee, Maricopa County Public Defender, by Joel E. Thompson, Deputy Public Defender, Phoenix, for petitioner.

Bruce E. Babbitt, Atty. Gen., by Philip J. MacDonnell, Asst. Atty. Gen., Phoenix, for respondents.

HAYS, Justice.

A special action petition was filed in this court by the Maricopa County Public Defender on behalf of Abelardo Duran, and we accepted jurisdiction.

On January 30, 1976, petitioner Duran was arraigned in Superior Court and the case was assigned to Judge Hyder. On February 3, 1976, Judge Hyder disqualified himself and the case was reassigned on that same date to Judge Riddel. Thereafter, on February 17, 1976, the public defender filed a Notice of Change of Judge, pursuant to Rule 10.2, 1973 Rules of Criminal Procedure. The judge ruled that the Notice of Change of Judge was not timely filed. After a rehearing on the matter before Judge Riddel, the previous ruling being adhered to, a petition for special action was filed.

There is no disagreement as to the facts and the only issue involved is an interpretation of the time requirements in Rule 10.2. The pertinent portion of the rule reads ". . . or within 10 days after a case is first assigned to a judge, . . ." Respondents contend that only 10 days is allowed regardless of when the defendant's counsel receives actual notice of the assignment.

Petitioners contend that the rule must mean that the 10 days commences to run when actual notice of the assignment is received or if that is not the case, Rule 1.3, 1973 Rules of Criminal Procedure, should be applied.

Rule 1.3 in pertinent part states:

"Whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper, and such service is allowed and made by mail, 5 days shall be added to the prescribed period."

We accepted jurisdiction of the special action to clear up what appears to be an ambiguity. We hold that the 10-day period prescribed by Rule 10.2 commences to run at the time of assignment to the judge regardless of when the notice of such action is received by counsel. We further hold that Rule 1.3 applies to Rule 10.2 and therefore 5 days shall be added to the prescribed period when notice is given by mail.

This cause is remanded to the trial court for proceedings consistent with the foregoing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.