573 P.2d 1388

The STATE of Arizona, Respondent,

v.

Joe Wayne SAVAGE, Petitioner.

No. 4040–PR.

Supreme Court of Arizona,
In Banc.

Jan. 9, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for respondent.

Aspey, Watkins & Diesel by Frederick M. Aspey, Flagstaff, for petitioner.

CAMERON, Chief Justice.

We granted defendant's petition for review of a dismissal by the Court of Appeals of defendant's petition for review of a Rule 32 proceeding in the trial court.

We take jurisdiction pursuant to Rule 31.19, Rules of Criminal Procedure, 17 A.R.S.

We must consider two issues on appeal:

1.  whether Rule 1.3's grant of 5 additional days for mailing applies to Rule 32.9(c), Rules of Criminal Procedure, 17 A.R.S.; and

2.  whether placing a notice in an attorney's mail box at the office of the clerk of the superior court constitutes a mailing within the meaning of Rule 1.3, Rules of Criminal Procedure, 17 A.R.S.

The facts necessary for a determination of these issues are as follows. On 16 July 1971, the defendant, Joe Wayne Savage, was adjudged guilty of grand theft and sentenced to serve from 8 to 10 years in the state prison. On 22 February 1977, the defendant filed a petition for post-conviction relief in the Coconino County Superior Court pursuant to Rule 32, Rules of Criminal Procedure, 17 A.R.S. The gravamen of his claim was that he was unconstitutionally denied double time deductions when he was placed in protective custody at the prison. The defendant later moved for an evidentiary hearing on the issues raised in his petition. The Superior Court denied both the defendant's request for an evidentiary

hearing and his petition for post-conviction relief.

The defendant's subsequent motion for rehearing in the Superior Court was denied on 11 April 1977. On 25 April 1977, 14 days after the motion for rehearing was denied, the defendant filed a petition for review by the Court of Appeals. The Court of Appeals dismissed the petition for lack of jurisdiction, noting that the petition was not filed within 10 days of the Superior Court's denial of defendant's motion for rehearing as required by Rule 32.9(c) of the Rules of Criminal Procedure. Thereafter, the defendant filed a motion for rehearing supported by a memorandum arguing that Rule 1.3, Rules of Criminal Procedure, 17 A.R.S., gave him an additional 5 days in which to file his petition. The Court of Appeals denied the motion for rehearing.

### IS RULE 1.3 APPLICABLE TO RULE 32.9(c)?

The defendant's petition for review by the Court of Appeals was made pursuant to Rule 32.9(c) which provides:

"Upon denial of a motion for rehearing any party aggrieved may petition the appropriate Appellate Court for review of the actions of the trial court. The petition shall be filed * * * within 10 days after the denial of the motion for rehearing." Rule 32.9(c), Rules of Criminal Procedure, 17 A.R.S.

Rule 1.3 reads as follows:

" * * * Whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed period." Rule 1.3, Rules of Criminal Procedure, 17 A.R.S.

The Court of Appeals found Rule 1.3's 5-day extension-for-mailing provision inapplicable to Rule 32.9(c). It considered its prior holding in State v. Stelter, 25 Ariz. App. 303, 543 P.2d 141 (1975), to be dispositive. In that case, the court rejected a claim that the 10 day filing requirement of Rule 32.9 could be extended to 15 days by

virtue of Rule 1.3 when notice of the court's ruling is given by mail. No motion for rehearing nor petition for review was filed by the losing party in State v. Stelter, supra, and we did not have the opportunity to speak on the issues contained therein at that time.

After the opinion in State v. Stelter, supra, this court considered the applicability of Rule 1.3 to Rule 10.2 of the Rules of Criminal Procedure, 17 A.R.S. Rule 10.2 requires a motion for change of judge to be made "within 10 days after a case is first assigned to a judge." As in Rule 32.9(c), there is no reference in Rule 10.2 to notice. The rule merely requires the action to be taken within 10 days of the event rather than within 10 days of the time the notice of the event is given or received. Justice Hays, speaking for the unanimous court, stated:

"We hold that the 10-day period prescribed by Rule 10.2 commences to run at the time of assignment to the judge regardless of when the notice of such action is received by counsel. We further hold that Rule 1.3 applies to Rule 10.2 and therefore 5 days shall be added to the prescribed period when notice is given by mail." Duran v. State, 113 Ariz. 135, 136, 547 P.2d 1049, 1050 (1976).

We believe that the rationale in Duran, supra, applies to the instant case and hold that Rule 1.3 does apply to a Rule 32.9(c) motion.

### WAS THERE A MAILING?

Affidavits of the defendant's counsel, Frederick M. Aspey, and of the Clerk of the Superior Court of Coconino County, Jo Wycoff, were attached to the defendant's motion for rehearing and memorandum. Both affidavits state that there are mail boxes in the office of the Clerk of Coconino County for all local counsel where minute entries, orders, pleadings, motions, and various items of correspondence are left for the attorneys to pick up at their convenience.

It appears this was the means by which notice of the Superior Court's order of 11 April was received. Aspey's affidavit states:

"While neither I nor my partners nor our secretaries have a specific recollection of picking up Judge Brooks' minute entry denying the petitioner's motion for rehearing, I am sure that it was picked up from the mail boxes at the Clerk's office, since this would be our normal office practice and procedure."

According to the uncontroverted affidavits, it is also the custom and practice of both the Clerk's Office and local counsel to allow 5 additional days for mailing when items are delivered through the mail boxes in the Clerk's Office.

Unless placing the Superior Court's minute entry in attorney Aspey's box at the Clerk's Office constituted a mailing within the meaning of Rule 1.3, there can be no basis for invoking that rule's 5-day extension provision in this case.

It would appear that by local custom and usage, those who send and receive messages by means of the mail boxes in the Clerk's Office consider this practice to constitute mailing for purposes of Rule 1.3. We are loathe to upset the justified expectations of attorneys who, in good faith, believe they have 5 additional days to file petitions. The mail boxes serve as a reliable means of delivering notices to local counsel and their use has resulted in considerable savings in postage to Coconino County. Service of notice by such means constitutes "service by mail" within the meaning of Rule 1.3, Rules of Criminal Procedure, 17 A.R.S.

Order of the Court of Appeals vacated and the petition for review reinstated.

HAYS and GORDON, JJ., concur.

STRUCKMEYER, Vice Chief Justice, dissenting.

On April 11, 1977, petitioner's motion in the Superior Court for a rehearing under Rule 32 was denied. By Rule 32.9(c), a petition for review in an appellate court of a denial of a request for post-conviction relief must be filed within ten days after the denial of the motion for rehearing. Petitioner did not file his motion for review within ten days; rather, he filed it four days late on April 25, 1977. This Court said in *State v. Gause,* 112 Ariz. 296, 541 P.2d 396 (1975), *cert. denied* 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766:

"In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule." 112 Ariz. at 297, 541 P.2d at 397.

Petitioner, however, attempts to justify his failure to comply with Rule 32.9(c) by pointing to Rule 1.3. Rule 1.3 permits a party five additional days where "service is allowed and made by mail."

I would have assumed that few things would be less subject to confusion than the term "service by mail." Webster's Third New International Dictionary, Unabridged, defines "mail" as "2a: the bags of letters and the other postal matter conveyed under public authority from one post office to another."

"The word 'mailing' means placing a letter or parcel in an appropriate mail receptacle maintained by the post office department, properly addressed, with postage prepaid. *Satterfield v. Celebrezze* (W.D.S.C.), 244 F.Supp. 190; *Raptis v. Safeguard Insurance Company,* 13 Mich.App. 193, 163 N.W.2d 835; 72 C.J.S. Post Office § 26, page 299; 26 Words and Phrases, pages 55 and 56; Black's Law Dictionary, Revised Fourth Edition, page 1104." *Barrett v. Eastern Iowa Community College District,* 221 N.W.2d 781, 783 (Iowa 1974).

The word "service" is defined by Webster as "15a: the act of bringing a legal writ, process, or summons to notice actually or constructively as prescribed by law." The words "service by mail" simply mean "notification by mail." Hence, while service by placing in a box in the clerk's office at the

courthouse may well be notification under the local practice in Flagstaff, Arizona, it can by no stretch of the imagination be considered service by mail.

I do not acquiesce in the amendment of the Rules of this Court by judicial tinkering. Common English words should mean what they have always meant, not what a majority of the members of this Court from time to time decide they want them to mean. The public, the profession, and the courts deserve better. The action of the Court of Appeals in dismissing the appeal as untimely was correct.

HOLOHAN, Justice, concurring.

I concur in the dissent.