597 P.2d 1015

STATE of Arizona, Appellee,

v.

Billy Dennis WILLIAMS, Appellant.

No. 1 CA–CR 3658.

Court of Appeals of Arizona,
Division 1,
Department A.

May 10, 1979.

Rehearing Denied June 15, 1979.

Review Denied July 17, 1979.

John A. LaSota, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Chief Counsel, Criminal Division, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

Billy Dennis Williams, pro se.

OPINION

CONTRERAS, Judge.

This is an appeal from an order of the trial court revoking probation and imposing sentence on appellant. Counsel for appellant has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) presenting two arguable questions of law and requesting this court to search the record for funda-

mental error pursuant to former A.R.S. § 13–1715.[1] After the filing of counsel's brief, this court entered an order granting appellant an additional period of time within which to file his own supplemental brief raising any additional points he might choose to bring to this court's attention. No supplemental brief has been filed.

Since one of the questions presented has not been expressly ruled upon by our appellate courts, we have determined that our decision will be issued in the form of an opinion.

Appellant was originally charged with the crime of sodomy, a felony, and found guilty after a trial to the court. Imposition of sentence was suspended and appellant was placed on probation for ten years. No appeal was taken. Approximately three years later, a petition to revoke probation was filed based upon an allegation that appellant committed an act of child molesting. After conducting a violation hearing, the trial judge found that appellant had violated the terms and conditions of his probation, and probation was revoked. Appellant was then sentenced to prison for a term of five to six years. This appeal followed.

Appellant's counsel has raised two questions in his *Anders*-type brief. The first question is whether it was error to grant the state's motion for change of judge when the motion was allegedly filed in an untimely manner. Rule 10.2 b of the Rules of Criminal Procedure, 17 A.R.S., allows a party to request a change of judge by filing a pleading to this effect "within 10 days after a case is first assigned to a judge." The 10-day period begins to run on the *date of assignment* to the judge regardless of when notice is received; however, an additional five days is added to the prescribed period when notice is given by mail. *Duran v. State,* 113 Ariz. 135, 547 P.2d 1049 (1976). In this case, resolution of the timeliness question is controlled by the date the case was assigned to a judge and the manner in which the parties were notified of the assignment.

1. Renumbered in the new Criminal Code as A.R.S. § 13–4035, effective October 1, 1978.

Appellant asserts that assignment of the case was made on May 24, 1978, in open court at the revocation arraignment and therefore a notice of change of judge, to be timely, had to be filed on or before June 5, 1978. However, the transcript of proceedings on May 24, 1978, discloses that the alleged assignment in open court was indefinite. At the conclusion of the revocation arraignment, the trial judge stated:

"THE COURT: It is ordered entering a denial of record; ordered setting a hearing on violation in this Division, June 12, 1978, 9:00 a. m.

Further ordered affirming all prior custody orders.

Incidentally, *I think that will be heard by Judge Hughes* on that date." (emphasis supplied).

From the foregoing quoted portion of the transcript of proceedings, it is apparent that a definite assignment of a judge was not made in open court. At best, from the judge's oral statement, there was a possibility the case would be assigned to Judge Hughes. Although, as it turned out, the case was, in fact, assigned to Judge Hughes, the record discloses that the assignment occurred not in open court but later at the time the written minute entry was made.[2] The minute entry was then mailed to the parties; therefore, an extra five days must be added to the time within which a timely notice of change of judge must be filed. *Duran v. State, supra.* Accordingly, at that point in the proceedings, the parties had until June 8, 1978, within which to file a notice of change of judge. Since the state's notice of change of judge was filed on June 6, 1978, it was timely.

The second question presented concerns appellant's right to a violation hearing within 20 days from the date of arraignment. *See* Rules of Criminal Procedure, Rule 27.7 b(1), 17 A.R.S. Appellant asserts that Rule 27 was violated since, indisput-

ably, the hearing was held on June 30, 1978, which was more than 20 days after arraignment.

As previously discussed, the state filed a timely notice of change of judge. On June 12, 1978 (the date set for the violation hearing). The trial judge against whom the notice of change had been filed transferred the case back to the presiding judge for reassignment. Reassignment to Judge McDonald was then made on June 19, 1978 and the violation hearing was scheduled for June 26, 1978. On June 23, 1978, appellant exercised his right to a change of judge and filed an appropriate and timely notice of change of judge with respect to Judge McDonald. The case was again returned to the presiding judge for further reassignment and was ultimately assigned to Judge Cordova for hearing on June 29, 1978. Due to the respective change of judge notices filed by the state and appellant, the time consumed in this transfer back and reassignment process was 18 days. This time was excluded by the trial court from the 20-day period prescribed in Rule 27. In addition, one day was excluded because of the state's motion for a continuance due to extraordinary circumstances. The violation hearing commenced on June 30, 1978, and concluded on July 3, 1978, at which time the court determined that a violation of probation had occurred.

A chronology of the 19 days excluded by order of the trial court is as follows:

| | |
|---|---|
| 6/6/78–6/19/78 | Exclusion of period of time from filing of Notice of Change of Judge by the state until assignment to another Judge.[3] |
| 6/23/78 -6/26/78 | Same as foregoing, except Change of Judge was made at appellant's request. |
| 6/29/78–6/30/78 | One-day exclusion pursuant to state's motion for continuance due to extraordinary circumstances. |

---

**2.** The court's written minute entry is definite and states that the violation hearing was scheduled before Judge Hughes in his division on June 12, 1978, due to the fact that Judge McDonald would be on vacation.

**3.** As previously concluded, the state's notice of change of judge was timely and the transfer back to the presiding judge took place on June 12, 1978, the date originally set for the violation hearing.

Appellant asserts that it was error to exclude the 19 days and thereby extend the time for the violation hearing beyond 20 days because Criminal Rule 27 contains no provision for such exclusion. The specific contention advanced by appellant with respect to exclusion of days occasioned by the state's filing a notice of change of judge has not been directly ruled upon by this court or our supreme court. We therefore deem it appropriate to consider and resolve the question presented.

In accordance with the express provisions of the Rules of Criminal Procedure, both the state and the defendant, upon timely request, are entitled to an automatic change in judge in the superior court. *See* Rules of Criminal Procedure, Rule 10.2 a, 17 A.R.S. and *State v. Barnes,* 118 Ariz. 200, 575 P.2d 830 (App.1978). The effects of a request for change of judge are several. Upon the filing of such request, and in accordance with Criminal Rule 10.6, the named judge is to ". . . proceed no further in the action, except to make such temporary orders as may be necessary in the interest of justice before the action can be transferred to the presiding judge." The presiding judge is then required to make a reassignment of the case to a new judge. *See* Rules of Criminal Procedure, Rule 10.5 a, 17 A.R.S. Realistically, and by reason of the sheer number of pending criminal cases and the administrative procedures involved in the process of transfer back and reassignment, there will be some varying amount of time consumed. Whether the time so consumed may properly be excluded requires us to consider: (1) the purposes of the probation revocation procedures of Rule 27.7, and (2) the effect of Rule 10 on Rule 27.7. In addition, we must also consider whether the delay occasioned was unreasonable and whether the defendant was prejudiced by the delay.

With specific reference to Rule 27.7 governing revocation of probation, it is not the purpose of the 20-day hearing provision to enable a person previously convicted and who has thereafter allegedly violated the terms of his probation to automatically go free if the hearing does not take place precisely within the prescribed time frame. Consideration must be given not only to the reasons for delay and the reasonableness of the delay but also to the respective interests of the defendant and the public. Defendant's interest is his right to a fair, impartial and speedy hearing on the issue of violation of probation. The public's interest is its right to protection from a previously convicted criminal who may pose a threat if allowed to remain on probation. In conjunction with these considerations is the underlying and essential question of whether the defendant has been prejudiced by the delay.

Although appellant correctly states that Rule 27.7 contains no provision for excluding time from the 20-day period within which a violation hearing is to be held following revocation arraignment, our courts have specifically stated that the time limit prescribed in Rule 27.7 is not jurisdictional. *State v. Belcher,* 111 Ariz. 580, 535 P.2d 1297 (1976); *State v. Huante,* 111 Ariz. 236, 527 P.2d 281 (1976). In line with the nonjurisdictional status of the prescribed time limit our courts have, in varying factual contexts, held that, in the absence of prejudice, a trial court's decision to revoke probation will not be reversed although the hearing was conducted more than 20 days after the revocation arraignment. *State v. Baylis,* 27 Ariz.App. 222, 553 P.2d 675 (1976); *State v. Belcher, supra; State v. Huante, supra.*[4] Similarly, it has been held that even though a defendant's revocation *arraignment* was not timely, the ensuing revocation will be upheld where no prejudice has been shown by conducting a late revocation arraignment. *State v. Lee,* 27 Ariz. App. 294, 554 P.2d 890 (1976).

---

4. This is consistent with the United States Supreme Court's decision in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) in which it held that due process requires only that a revocation hearing be held within a "reasonable time" after a probationer is taken into custody. In *Morrissey, supra,* the Supreme Court concluded that a two-month period was not unreasonable.

**116**

In determining the effect of Criminal Rule 10 on Criminal Rule 27.7, we start with the interlocked premises that the time limits of Rule 27.7 are not jurisdictional and that under Rule 10.2 a, both the defendant and the state are respectively entitled, upon timely request, to a change of judge. It is evident by this express entitlement that the state has an equal right with a defendant to participate in a process which hopefully results in the selection of an impartial judge. This reciprocal right of participation in the judicial selection process is, in the popular vernacular, a "two-way street."

Although, and with specific reference to revocation hearings, we find no cases specifically excluding the time consumed in the process of settling on a judge, we note that with respect to a defendant's right to a speedy trial, the time consumed for a change of judge on behalf of a defendant pursuant to Criminal Rule 10 is to be excluded from the time constraints for a speedy trial provided the time so consumed is reasonable. *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974); *State v. Brown,* 112 Ariz. 401, 542 P.2d 1100 (1975). As stated by our supreme court in *State ex rel. Berger, supra:*

"We believe that when a defendant moves for change of judge as provided by Rule 10 of the Rules of Criminal Procedure 1973, it is for and on behalf of the defendant and *the reasonable time it takes to find a new judge is time which should be excluded* from the computation of time." *Id.* at 337, 529 P.2d at 688 (emphasis supplied).

We are of the opinion that reasonable periods of time consumed in effecting a change of judge should similarly be excluded in revocation proceedings especially since the time constraints in revocation proceedings are not jurisdictional. *State v. Belcher, supra,* and *State v. Huante, supra.* To determine otherwise would place an unwarranted premium upon the state each time it exercises its equal right to obtain a change of judge with a possible windfall to the defendant if, in the administrative process of transfer back and reassignment, the 20-day period is exceeded. This could, in some cases, lead to an obviously unintended and illogical result. At the same time and consonant with the precepts of due process, a defendant's rights should not be jeopardized if, in fact, the time delay is unreasonable and as a result he is prejudiced by the delay. Since reasonableness and prejudice cannot be determined in the abstract, the trial court must, in those instances where the 20-day period is exceeded and questioned by the defendant, examine the particular case before it and determine whether the delay was reasonable and whether the defendant was prejudiced by the delay.

Accordingly, and in line with our preceding discussion, we hold that the period of time consumed for the reassignment of a judge who is to conduct a violation of probation hearing may be excluded from the time limitations of Criminal Rule 27.7 where the reassignment process is brought about by the state's filing of a request for change of judge under Criminal Rule 10 and where the period of time so consumed is reasonable and the defendant is not prejudiced by such delay. By so holding the fundamental rights of the defendant are protected and the rights of the public are preserved.

In the instant case, and after a thorough study of the record, we conclude that the delay occasioned by the state exercising its right to a change of judge was for a reasonable period of time and appellant was not prejudiced by the delay. In addition to considering the questions raised by appellant's counsel, we have reviewed the entire record as required by *Anders* and former A.R.S. § 13–1715. We find no error of any nature.

The revocation and sentence are affirmed.

WREN, P. J., and DONOFRIO, J., concur.