612 P.2d 61

**Denise Flatt PILLER and Ruben Acuna, Petitioners,**

v.

**STATE of Arizona, the SUPERIOR COURT OF COCHISE COUNTY, Arizona, and the Honorable Lloyd C. Helm, Judge of the Superior Court of Cochise County, Arizona, Respondents.**

**No. 2 CA–CIV 3558.**

Court of Appeals of Arizona, Division 2.

April 10, 1980.

Rehearing Denied May 14, 1980.

Talmadge & Chapman by Frederick S. Chapman, Sierra Vista, for petitioners.

Beverly H. Jenney, Cochise County Atty. by James L. Riley, Bisbee, for respondents.

## OPINION

HATHAWAY, Chief Judge.

Petitioners, defendants in a pending criminal prosecution, bring this special action to review the respondent court's denial of their request for a change of judge. Since we agree with petitioners that they were entitled to a change of judge as a matter of right, we assume jurisdiction.

Briefly, the following occurred. On February 1, 1980, the grand jury returned an indictment against petitioners and others and the court assigned superior court number 10140 to the case. The respondent judge ordered that a summons issue for petitioners to appear in Division Two of the Superior Court of Cochise County on Tuesday, February 12. The February minute entry also reflects that both petitioners were represented by Frederick S. Chapman and that a copy of the respondent judge's minute entry order was mailed to him. A copy of the summons was served on each petitioner on February 5. Petitioners filed a notice for change of judge on February 14.

Rule 10.2(b), Rules of Criminal Procedure, provides:

"Within 10 days after a case is first assigned to a judge, or within 10 days after filing of the mandate from an Appellate Court with the clerk of the Superior Court, a party may exercise his right to a change of judge by filing a pleading entitled 'Notice of Change of Judge' signed by counsel, if any, stating the name of the judge to be changed."

In *Duran v. State*, 113 Ariz. 135, 547 P.2d 1049 (1976), our Supreme Court held that the 10-day period prescribed by Rule 10.2 commences to run at the time of assignment to the judge but that Rule 1.3 applies to Rule 10.2 when notice is given by mail, and therefore five days is added to the prescribed period. The state's position, with which the respondent court agreed, was that petitioners were not entitled to the additional five days because they were personally served by a deputy sheriff on February 5, and because the summons indicated No. 10140 as the case number, notifying them that the case was assigned to the respondent judge. We do not agree.

Rule I, Local Rules of Practice for Cochise County, provides that the court shall consist of three separate divisions and that even numbered criminal cases, with the exception of those where the last two digits are divisible by three, shall initially be assigned to Division II.[1] We find Rule I insufficient to provide notice of assignment so as to deprive petitioners of the benefit of the additional five days provided by notification by mail.

The state, relying on Rule 10.2(b), supra, and *State v. Duran*, supra, takes the position that when the case is initially assigned to a judge, notice of such assignment need not be given to the defendant. Therefore when more than 10 days has elapsed, it argues, the defendant is not entitled to a change of judge, except for cause, even though notice of the assignment was never sent to him. We do not believe *Duran* supports this position. In holding that the time period does not commence when the

---

1. It also appears that the attorney for petitioners was provided with a courtesy copy of the indictment and summons, mailed by the clerk of the superior court, which was received by him on February 7, 1980.

notice is received, the court in *Duran* presumes that a notice was sent.

We hold, therefore, that notice of assignment to the respondent judge was by the February 1 minute entry which was mailed to petitioners' attorney, who was familiar with the local rule. The addition of five days for mailing makes the filing of the request for change of judge timely.

The order denying petitioners' request is hereby vacated with directions to adhere to the mandate of Rule 10.5, Rules of Criminal Procedure.

HOWARD and RICHMOND, JJ., concur.