137 Ariz. 531 (1983)
672 P.2d 197
The STATE of Arizona, Appellee,
v.
David Orvel KEEL, Appellant.
No. 2 CA-CR 2782.
Court of Appeals of Arizona, Division 2.
June 17, 1983.
Rehearing Denied October 3, 1983.
Review Denied November 15, 1983.
Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.
Frederic J. Dardis, Pima County Public Defender by Frank P. Leto, Asst. Public Defender, Tucson, for appellant.
OPINION
BIRDSALL, Judge.
We must set aside the appellant's conviction of attempted theft of a pick-up truck because his peremptory change of judge request was not honored.
Judge Michael J. Brown was permanently assigned to appellant's case by minute entry *532 dated March 16, 1982. Appellant filed a motion for change of judge pursuant to Rule 10.2, Arizona Rules of Criminal Procedure, 17 A.R.S., on March 30, 1982, but this motion was denied by Judge Druke, the Presiding Judge, as untimely.
The rule governing the time for filing a motion for change of judge reads, in pertinent part, as follows:
"A notice of change of judge shall be filed, ... within 10 days after any of the following:
.....
(3) In all other cases, actual notice to the requesting party of the assignment of the case to a judge." Rule 10.2(c) Arizona Rules of Criminal Procedure, 17 A.R.S.
Rule 1.3, Arizona Rules of Criminal Procedure, 17 A.R.S. allows five days to be added to any prescribed time period whenever service of a notice or other paper is allowed and made by mail. The five day mail rule applies specifically to notices sent informing the parties of the permanent assignment of a judge. Duran v. State, 113 Ariz. 135, 547 P.2d 1049 (1976); Piller v. State, Superior Court of Cochise, 126 Ariz. 10, 612 P.2d 61 (App. 1980). Assuming the minute entry was sent on the day it was filed, appellant had fifteen days from that date within which to file his notice of change of judge. In the instant case, appellant had until March 31, 1982, to file his notice. Therefore, the notice filed by defense counsel on March 30, 1982, was timely.
In State v. Williams, 123 Ariz. 112, 597 P.2d 1015 (App. 1979) the court noted that Rule 1.3, Arizona Rules of Criminal Procedure, 17 A.R.S., applies to assignment of judge notices where such notice is made by minute entry. Notice was made by minute entry in the instant case and the reasoning of Williams applies adding five days to the ten day requirement of Rule 10.2, Arizona Rules of Criminal Procedure, 17 A.R.S. See also State v. Savage, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying five day mail rule to notices left in box in Superior Court Clerk's Office).
The appellee admits that it was error to deny the change of judge but contends it was not reversible error. We disagree. The appellee's contentions are threefold:
1) The error is not properly reviewable on appeal,
2) The record does not show Judge Brown had notice of the request, and
3) No prejudice has been shown.
We will consider these in order.
The appellee contends the error should have been questioned by special action rather than on appeal. Not having sought such extraordinary relief, the argument continues, the appellant is precluded from raising the error now after conviction.
Although relief could have been granted by special action, see Hickox v. Superior Court, 19 Ariz. App. 195, 505 P.2d 1086 (1973) we do not believe it was required that the appellant take that route. State v. Neese, 126 Ariz. 499, 616 P.2d 959 (App. 1980) and State v. Verive, 128 Ariz. 570, 627 P.2d 721 (App. 1981) are inapposite since they involved challenges to grand jury proceedings. The claimed errors in those proceedings could not have affected the subsequent trials. In the instant case the appellant was forced to proceed to trial before a judge he had sought to remove. We do not mean to infer this was prejudicial. The rule does not require a showing of prejudice. The appellant was entitled to a different judge, and we believe that ends the matter.
Having suffered a final judgment of conviction, appellant may appeal. A.R.S. § 13-4033. See also State v. Watkins, 125 Ariz. 570, 611 P.2d 923 (1980); State v. Myers, 117 Ariz. 79, 570 P.2d 1252 (1977), cert. denied, 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978); State v. Tatkenhorst, 103 Ariz. 156, 437 P.2d 948 (1968); State v. Reid, 114 Ariz. 16, 559 P.2d 136 (1976), cert. denied, 431 U.S. 921, 97 S.Ct. 2191, 53 L.Ed.2d 234 (1977).
The appellee next argues there is no showing that Judge Brown, the trial judge who was challenged, ever had notice of the change of judge notice. All that appears in the record is the notice of change of judge and the minute entry ruling. The appellee's *533 only authorities for this proposition are cases requiring that the trial court must be advised of objections, including those going to the disqualification of a judge, so that the objection may be considered first at that level. See Conkling v. Crosby, 29 Ariz. 60, 239 P. 506 (1925); Pintek v. Superior Court, 78 Ariz. 179, 277 P.2d 265 (1954). Unquestionably, this abstract legal proposition is correct, but it has little applicability here. Those cases concern disqualification for cause  the present case does not. Additionally, the notice to one trial judge, i.e., the presiding judge, who then undertakes to rule, is sufficient under the circumstances. See State v. DeVote, 87 Ariz. 179, 349 P.2d 189 (1960).
Finally the appellee argues no prejudice. Since the rule itself does not require a showing of prejudice, we cannot agree that we should require such a showing now. The appellee argues that since "substantial justice has been done", Ariz. Const. art. 6, Sec. 27, the cause should not now be reversed. This argument makes sense, but it could be made in almost every case where the trial court has failed to honor a peremptory change of judge upon request. See State v. Shields, 26 Ariz. App. 121, 546 P.2d 846 (1976); State v. Shahan, 17 Ariz. App. 148, 495 P.2d 1355 (1972). And see the recent opinion of our supreme court in Cain v. City Court, 135 Ariz. 96, 659 P.2d 649 (1983). The right of a criminal defendant to a change of judge without cause is zealously protected and on the basis of fairness extended beyond the superior court.
The appellant presented one other issue on appeal which, since it may arise again, we must discuss. He requested an instruction on trespass  not as a lesser included offense, but as his "theory of the case". He claimed he had gotten in the truck he was charged with attempting to steal intending only to sleep. The trial court initially refused the requested instruction, but later, after closing arguments, decided to and did give it. Appellant's trial counsel was permitted to and did argue his theory even though the court had refused the instruction.
The issue presented on appeal is one of timing. The appellant contends it was error to refuse the instruction, and this error was not corrected by giving it later since his closing argument, given before the trial judge changed his mind, would have been more persuasive.
The trial court was correct in the first instance; the instruction should not have been given. Unlike the crimes of receiving stolen property and theft, attempted theft and trespass are not mutually exclusive. See State v. Reynolds, 11 Ariz. App. 532, 466 P.2d 405 (1970). A finding that the appellant was guilty of trespass would not mean he could not be guilty of attempted theft. See State v. Teran, 130 Ariz. 277, 635 P.2d 870 (App. 1981); State v. Politte and Zucker, 136 Ariz. 117, 664 P.2d 661 (1982). For that reason we need not consider this "issue" further.
Reversed and remanded for new trial.
HOWARD, C.J., and HATHAWAY, J., concur.