782 P.2d 736
**STATE of Arizona, Appellant,**

v.

**Clyde Lee RABUN and Mary Ann Dice, Appellees.**

**1 CA–CR 12327.**

Court of Appeals of Arizona,
Division 1, Department D.

March 7, 1989.
Review Granted June 6, 1989.

John Verkamp, Coconino County Atty. by Richard S. Vihel, Deputy County Atty., Flagstaff, for appellant.

Michelle L. Ratner and Robert P. Lippman, Flagstaff, for appellees.

GERBER, Judge.

In this appeal, the state seeks reversal of the trial court's order dismissing an indictment with prejudice because of pre-accusation delay. We hold that the state's notice of appeal was not timely filed and dismiss the appeal for lack of jurisdiction.

On November 30, 1987, the trial court by minute entry dismissed the charges of theft and fraudulent schemes and artifices against appellees with prejudice. This minute entry was placed in the county attorney's mailbox at the Coconino County Superior Court Clerk's office. On December 22, 1987, the state filed its notice of appeal.[1]

 Appellees argue that this court is without jurisdiction because the state's notice of appeal was not filed within 20 days of the trial court's ruling as required by Rule 31.3, Arizona Rules of Criminal Procedure.[2] The state argues that its notice of appeal was timely because Rule 1.3 provides an additional five days in which to file a notice of appeal when a party is notified of a trial court's ruling by mail.

Rule 31.3 requires a notice of appeal to be filed "within 20 days after the entry of judgment and sentence...." Rule 1.3 allows five days to be added to the prescribed period when a party has a right "to take some action within a prescribed period after service of a notice ... and such service is allowed and made by mail...."

Pursuant to Rule 31.3, a notice of appeal must be filed within 20 days after the *entry* of the judgment, not after its *service.* The comment to Rule 31.3 emphasizes that "entry of judgment and sentence is taken as a single benchmark for determination of the timeliness of an appeal...." There are two exceptions to this rule which relate to the filing of a notice of cross-appeal and the filing of a notice of delayed appeal; in these cases service is the benchmark for determining timeliness. Rule 31.3(a) and (b). Thus, the drafters of Rule 31.3 clearly appreciated the distinction between "entry" and "service" of a judgment.

We hold that Rule 1.3 does not extend the time to file a notice of appeal when a party is notified of the judgment by mail. Because the state's notice of appeal was not filed in accordance with Rule 31.3, we dismiss the state's appeal for lack of jurisdiction.

GRANT, C.J., and GREER, Acting P.J., concur.

---

1. The state may appeal the dismissal of an indictment with prejudice. A.R.S. § 13–4032(1).

2. Hereinafter, all references to the Arizona Rules of Criminal Procedure will be cited as "Rule ____".