782 P.2d 737

**STATE of Arizona, Appellant,**

v.

**Clyde Lee RABUN and Mary Ann Dice, Appellees.**

**No. CR–89–0108–PR.**

Supreme Court of Arizona, En Banc.

Oct. 19, 1989.

---

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Asst. Atty. Gen., Phoenix, and John Verkamp, Coconino County Atty. by Richard Vihel, Deputy Coconino County Atty., Flagstaff, for appellant.

Michelle L. Ratner, and Robert P. Lippman, Flagstaff, for appellees.

FELDMAN, Vice Chief Justice.

The state petitions us to review a court of appeals' opinion that held Rule 1.3, Ariz. R.Crim.P. 17 A.R.S. (hereafter Rule ___), does not extend the time to file a notice of appeal when a party is given notice of the judgment by mail. *State v. Rabun,* 162 Ariz. 260, 782 P.2d 736 (1989).

We granted review because the opinion is inconsistent in principle with our previous holdings in *State v. Savage,* 117 Ariz. 535, 573 P.2d 1388 (1978) and *Duran v. State,* 113 Ariz. 135, 547 P.2d 1049 (1976). *See* Rule 31.19(f). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## I. PROCEDURAL HISTORY

On October 23, 1986, the Coconino County Grand Jury indicted Clyde Lee Rabun and Mary Ann Dice (defendants) on charges of theft and fraudulent schemes. Alleging prosecutorial delay, defendants filed a motion to dismiss on July 29, 1987. The trial court dismissed the charges by minute order [1] on November 30, 1987. Neither counsel was present when the order was made.[2] The minute order was placed in the county attorney's mailbox at the Coconino County Superior Court clerk's office. The state filed its notice of appeal from the judgment of dismissal on December 22, 1987.

Defendants claimed the court of appeals was without jurisdiction over the appeal because the state's notice of appeal was not filed within twenty days of the trial court's order as required by Rule 31.3, which states in pertinent part:

> The notice of appeal shall be filed with the clerk of the trial court within 20 days after the entry of judgment and sentence, except that:
>
> a. A notice of cross-appeal may be filed within 20 days after service of the appellant's notice of appeal ...

Relying on *Savage,* the state contended its appeal was timely because Rule 1.3 should provide an additional five days in which to file an appeal when a party is notified of a trial court's ruling by mail. Rule 1.3 states:

> Whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed amount.

Finding that Rule 1.3 did not apply, the court of appeals dismissed the state's appeal for lack of jurisdiction. The court reasoned that a notice of appeal must be filed within 20 days after the event—entry of the order—not after notice is served. Thus, the court held Rule 1.3 was inapplicable. The court noted that Rule 31.3 provided for exceptions to the requirement that notice must be filed within twenty days from the date of entry of the judgment only when a party wishes to file a notice of cross-appeal or a notice of delayed appeal. In those two cases the rules permit filing after service. Thus, the court reasoned, the drafters of the rules appreciated the distinction between entry of judgment and

---

1. The state may appeal from an order dismissing an indictment. A.R.S. § 13–4032(1).

2. In most criminal cases, the defendant and counsel for both sides will be present in court when the appealed order, judgment, or sentence is entered. In this opinion, we deal only with cases in which notice is, in fact, given by mail.

service of notice. The state petitioned for review, basing its claim of error on the violation of precedent.

## II. DISCUSSION

In its petition, the state argues that the court of appeals' decision is contrary to our prior holdings in *Savage* and *Duran*. In *Savage* we applied Rule 1.3—allowing five extra days from the mailing of notice—when a defendant petitioned the court of appeals for review of the trial court's denial of post-conviction relief pursuant to Rule 32.9(c). In so doing, we relied on *Duran*, where we applied Rule 1.3 to extend the ten-day limit for filing a notice of change of judge pursuant to Rule 10.2. We acknowledged that in both situations, as in the present case, the wording of Rule 1.3 was not applicable to time periods that run from an event rather than notice, stating that

> there is no reference in [the r]ule ... to notice. The rule merely requires the action to be taken within 10 days of the event rather than within 10 days of the time the notice of the event is given or received.

*Savage*, 117 Ariz. at 536, 573 P.2d at 1389. Nevertheless, we held that Rule 1.3, which provides for extra time where service is required and notice is mailed, was to be applied. Furthermore, we held in *Savage* that receipt of messages by means of the mail boxes in the clerk's office constituted a mailing for purposes of Rule 1.3.

The rationale of *Savage* and *Duran* must apply in the present case. Nothing in Rule 31.3 precludes application of Rule 1.3 as is the case for the corresponding rule of civil procedure. Rule 6(e), Ariz.R.Civ.P., 16 A.R.S., permits a five-day extension with the additional proviso that the "rule has no application to the mailing of notice of entry of judgment required by Rule 77(g)." Thus the civil rules explicitly make the civil analog (Rule 6(e), Ariz.R.Civ.P.) of Rule 1.3 inapplicable to a final judgment or appealable order. *See* A.R.S. § 12–2101.

No such specific prohibition exists in the criminal rules. Because we have already passed on this issue in *Savage* and *Duran* and have no wish to upset the accustomed and approved practice that has led counsel to believe they have five additional days to file notices and petitions, we hold that Rule 1.3 applies to Rule 31.3 just as it does to Rules 10.2 and 32.9, both of which also prescribe time running from an event.

## III. CONCLUSION

We find the court of appeals erred in dismissing the state's appeal for lack of timeliness. We reverse the court of appeals' opinion dismissing the appeal and, pursuant to Rule 31.19(i)(3), Ariz.R.Crim.P., 17 A.R.S., remand to that court to address the state's appeal on its merits.

GORDON, C.J., and CAMERON and MOELLER, JJ., concur.

CORCORAN, J., recused himself and did not participate in the determination of this matter.

---

**3.** Rule 77(g) mandates that the clerk mail all minute entries to the parties, but "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."