786 P.2d 956

**STATE of Arizona, Appellant,**

v.

**Gerardo ZUNIGA, Appellee.**

**No. CR–89–0185–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 9, 1990.

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Jr., Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellee.

FELDMAN, Vice Chief Justice.

The state appealed the trial court's order granting defendant's motion to suppress the use of evidence. *See* A.R.S. § 13–4032(7). Because the state did not file its notice of appeal within twenty days of the trial court's ruling as required by Rule 31.3, Ariz.R.Crim.P, 17 A.R.S. (hereafter Rule _____), the court of appeals dismissed the appeal for lack of jurisdiction.

The state sought review, claiming the notice of appeal was timely because it was filed within twenty days of the clerk's mailing of a copy of the trial court's ruling. We granted review to settle the question of when Rule 1.3 applies to extend the time to appeal. *See* Rule 31.19(f). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## FACTS

On November 18, 1988, the trial court, by minute entry, granted defendant's motion to suppress evidentiary use of the statements of alleged co-conspirators. The date stamp on the minute entry indicates the clerk of the court "received" the order on November 21, 1988 and "processed" it on November 23, 1988.

The state argues that although its appeal was filed on December 12, 1988, twenty-four days from the date of the November 18 minute entry ruling, it was filed only nineteen days from the date a copy of the order was mailed. Thus it claims the court of appeals erred in dismissing the appeal. Defendant argues that the state had actual notice of the minute entry because it filed its motion to clarify on December 2, 1988. Thus, he argues, the state had the opportunity to timely appeal if it had so wished. Furthermore, the state's filing of a motion to reconsider did not stay the time limits to appeal. *State v. Berry*, 133 Ariz. 264, 650 P.2d 1246 (Ct.App.1982).

## DISCUSSION

Our recent opinion in *State v. Rabun*, 162 Ariz. 261, 782 P.2d 737 (1989), controls in this case. In *Rabun*, we held Rule 1.3 applied to Rule 31.3 to extend the twenty-

day limit for filing a notice of appeal.[1] Rule 1.3 states:

> Whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed period.

We based our ruling on our previous holdings in *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978), and *Duran v. State*, 113 Ariz. 135, 547 P.2d 1049 (1976). In *Savage*, we applied Rule 1.3 to extend the time for filing a petition for review in post-conviction proceedings by five days because the copy of the trial court's order denying post-conviction relief was mailed. In so doing, we relied on *Duran*, where we applied Rule 1.3 to extend the ten-day limit for filing a notice of change of judge pursuant to Rule 10.2. The court of appeals has interpreted *Savage* as making service the triggering event to bring Rule 1.3 into play. *See State v. Byers*, 126 Ariz. 139, 141, 613 P.2d 299, 301 (Ct.App.1980), *disapproved on other grounds, State v. Pope*, 130 Ariz. 253, 635 P.2d 846 (1981). The court of appeals thus holds that the applicable time periods commence running at the time the clerk mails the trial court's order. *Id.* Accordingly, the time for appeal in this case would have been extended by five days under Rule 1.3 and commenced running from the date the suppression order was mailed. *See Rabun*, 782 P.2d at 738.

Our rules of criminal procedure mandate that *"[i]mmediately* upon the entry of any order in a criminal case, other than in open court, the clerk shall mail to all parties a copy thereof." Rule 35.6. Hopefully, the clerk's delay in this case is the exception to the rule. In the absence of the clerk's immediate action, however, we believe the *Byers* rule comports with settled practice. We therefore hold Rule 1.3 extends the time to file an appeal by five days when the order appealed from has been mailed to the interested party and commences to run on the date the clerk mails the order.[2] Because the clerk did not mail the copy of the order until November 23, the notice of appeal in this case, filed on December 12, was timely.

The concurrence notes quite accurately that neither this case nor *Rabun* follows the "explicit terms" of Rule 1.3. If we were to write on a clean slate, we would no doubt be receptive to the argument that Rule 1.3 is inapplicable because it extends time limits only when an event is measured "after service," while Rule 31.3 commences the time for filing a notice of appeal from "entry of judgment" rather than service of notice of judgment. We do not, however, write on a clean slate, and we do not believe the interests of justice would be furthered by overruling *Savage* and *Duran*, thus upsetting the established patterns of practice based on precedent in effect almost fifteen years.

Both the bench and bar have relied on *Savage* and *Duran* in determining the applicability of Rule 1.3. *See State v. Grange*, 130 Ariz. 250, 252, 635 P.2d 843, 845 (1981) (citing rule in *Savage* and *Byers*); *State v. Keel*, 137 Ariz. 532, 533, 672 P.2d 197, 198 (Ct.App.1983) (citing *Savage* and *Duran* and permitting five-day extension for change of judge request); *Piller v. State*, 126 Ariz. 10, 11, 612 P.2d 61, 62 (Ct.App.1980), and *State v. Williams*, 123 Ariz. 112, 113–14, 597 P.2d 1015, 1016–17 (Ct.App.1979) (both permitting a five-day extension for change of judge under *Duran*); *see also* Freeman and Ulrich, *Arizona Civil Appellate Procedure—An Update*, 1983 ARIZ.ST.L.J. 483, 497 n. 108; Freeman and Ulrich, *The New Arizona Rules of Civil Procedure*, 1977 ARIZ.ST.L.J. 715, 720 n. 27 (both citing *Savage* for proposition that criminal Rule

---

1. Rule 31.3 states in pertinent part:
   The notice of appeal shall be filed with the clerk of the trial court within 20 days after the entry of judgment and sentence.

2. We again stress that in most criminal cases, the defendant and counsel for both sides will be present in court when the appealed order, judgment, or sentence is entered and that in this opinion we deal only with cases in which notice is, in fact, given by mail. *See Rabun*, 782 P.2d at 738 n. 2.

1.3 "adds five days to any response time when a notice is received by mail from the court as well," while civil rule prohibits five-day extension for papers mailed by court).

The danger of overturning settled methods of procedure is obvious. It would be encouraging to believe that by overruling or disapproving each of the seven cases cited, this court could expect each member of the bar to adapt his procedure to a literal reading of Rule 1.3. Experience teaches us, however, that habits of procedure are hard to break, especially those that have been approved and followed for years. We do not look forward to years of struggle over motions to dismiss appeals on grounds of untimeliness. So far as we can perceive, the *Savage/Duran* interpretation of Rule 1.3 has caused no trouble and has probably provided some needed time for those who have not been promptly mailed a copy of an appealable order made in chambers. Having been provided with no reason to overturn long-settled procedure, we decline to do so.

## CONCLUSION

The court of appeals erred in dismissing the state's appeal as untimely. We vacate the court of appeals' order dismissing the appeal and, pursuant to Rule 31.19(i)(3), remand to that court to address the state's appeal on its merits.

GORDON, C.J., and CAMERON and MOELLER, JJ., concur.

CORCORAN, Justice, specially concurring:

I reluctantly concur with the result reached by the majority because it comports with the rule recently established by this court in *State v. Rabun*. I did not participate in the *Rabun* decision, however, and I do not agree with its rationale.

By its explicit terms, rule 1.3 applies to extend time limits by 5 days only when an event is measured "after *service* of a notice or other paper and such service is allowed and made by mail." (Emphasis added.) Thus, rule 1.3 applies to extend the time in

which to file an opening brief, provided in rule 31.13(a), as "within 25 days after the *mailing* of the notice as provided for by Rule 31.10"; it also applies to extend the time to file a motion for reconsideration in an appellate court, provided in rule 31.-18(b), as "within fifteen days after the clerk has *mailed* notice that a decision has been rendered." (Emphasis added.) In these cases, the time limits are specifically calculated from the date of *service or notice* and the 5–day time extension of rule 1.3 properly applies.

This court's application of rule 1.3 to extend the time to file a notice of criminal appeal is contradicted by the clear wording of rule 31.3:

> The notice of appeal shall be filed with the clerk of the trial court within 20 days after *the entry of judgment and sentence. . . .*

(Emphasis added.) The same rule creates two exceptions when entry of the judgment will not constitute the "benchmark" from which the time to appeal will run. *See* comment to rule 31.3. For cross-appeals, the notice must be filed within 20 days after *service* of the notice of appeal; for delayed appeals, the notice must be filed within 20 days after *service* of an order granting a delayed appeal. *See* rule 31.-3(a), (b). The inclusion of the two exceptions denoting "service" as the benchmark distinguishes this rule from the other rules to which this court has applied the 5–day time extension of rule 1.3 to times prescribed from the running of an event. *See State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying rule 1.3 to extend the time limits of rule 32.9(c)); *Duran v. State*, 113 Ariz. 135, 547 P.2d 1049 (1976) (applying rule 1.3 to extend the time limits of rule 10.2). The distinction between the wording of the rule and its exceptions also indicates, as the court of appeals pointed out in *Rabun*, that "the drafters of Rule 31.3 clearly appreciated the distinction between 'entry' and 'service' of a judgment." *State v. Rabun*, 162 Ariz. 260, 782 P.2d 736 (App.), *rev'd*, 162 Ariz. 261, 782 P.2d 737 (1989).

Here, the state filed a direct appeal not within the above exceptions. The "bench-

mark" from which the time to appeal began to run was the *entry* of the order granting suppression, not 5 days from its *service*, under the clear terms of rule 31.3. If *Rabun* had not held otherwise, I would have found the state's appeal in this case to be untimely filed.

Given that *Rabun* has now established a contrary rule, however, I believe that rule 31.3 should be amended to reflect that *entry* of judgment is no longer relevant to jurisdictional time limits for filing a notice of appeal. The rule should be reworded to reflect that *service* is now the benchmark in all criminal appeals, and that those portions of the exceptions set forth in rule 31.3 denoting service as the benchmark are now superfluous.