**Anthony Steven GEOTIS, Petitioner–Appellant,**

v.

**Darla ELLIOTT, Respondent–Appellee.**

No. 00–15009.

D.C. No. CV–98–00887–WKU.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Anthony Steven Geotis appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for possession of marijuana for sale. We have jurisdiction under 28 U.S.C. § 2253(a). We review de novo the district court's decision to deny a habeas petition, *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir. 2000), and we vacate and remand.

Geotis contends that the district court erred by dismissing his ineffective assistance of counsel claims as being procedurally defaulted. When reviewing a purported procedural default, "federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." *Coleman v. Thompson*, 501 U.S. 722, 736, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Hoffman v. Arave*, 236 F.3d 523 (9th Cir. 2001) (stating that habeas courts must be "particularly vigilant in scrutinizing the adequacy of state rules of procedural default which have the effect of barring federal habeas review of claims of ineffective assistance of counsel.") (internal quotation and citation omitted), *petition for cert.*

for appointment of counsel is denied. On remand, Wauls may request appointment of counsel from the district court.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*filed,* 69 U.S.L.W. 3763 (U.S. May 23, 2001) (No. 00–1775).

In the only reasoned state court decision applying a procedural bar to Geotis' ineffective assistance of counsel claims, the Arizona Court of Appeals dismissed as untimely Geotis' petition for review of the trial court's denial of his Rule 32 petition because Geotis failed to file his petition for review within 30 days from the date of the trial court's final decision, citing Ariz. R.Crim. P. 32.9(c). We conclude this procedural bar is not adequate to prevent federal habeas review of these claims because, in this case, under Arizona law the deadline for filing the petition was 35 days from the date the trial court's order was mailed, not 30 days from the date of the decision. *See State v. Zuniga,* 163 Ariz. 105, 786 P.2d 956, 957 (Ariz.1990); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 296, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964) (holding that federal review is not precluded if procedural rule invoked by state court does not apply to the facts of the case). We therefore vacate the district court's order as to Geotis' ineffective assistance of counsel claims and remand for further proceedings.

VACATED and REMANDED.