613 P.2d 299

STATE of Arizona, Respondent,

v.

Mathew Ray BYERS, Petitioner.

No. 1 CA–CR 4415–PR.

Court of Appeals of Arizona,
Division 1, Department B.

April 22, 1980.

Rehearing Denied June 5, 1980.

Review Denied July 1, 1980.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen. and Charles F. Hyder, Maricopa County Atty. by Sandra L. Janzen, Deputy County Atty., Phoenix, for respondent.

Steven L. Parker, Phoenix, for petitioner.

## OPINION

HAIRE, Judge.

Petitioner pled guilty on October 5, 1978 to sale of a narcotic drug (heroin) with two prior convictions in violation of A.R.S. §§ 36–1002.02 and 36–1002.10. He was sentenced to a term of imprisonment of not less than 10 years nor more than 10 years and 1 day. On direct appeal, the judgment and sentence were affirmed by this Court. *State v. Byers*, 1 CA–CR 3809 (memorandum decision filed May 15, 1979).

On April 16, 1979, petitioner filed a petition for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, alleging that his plea was unlawfully induced by his trial counsel who promised him that he would receive probation with no more than 60 days incarceration. After an evidentiary hearing was held on August 22, 1979, the trial court found that petitioner's allegations were untrue. A motion for rehearing was filed and denied and a petition for review was filed bringing the matter before this Court pursuant to Rule 32.-9(c).

Before proceeding to the merits, we note that the facts of this case raise a question as to this Court's jurisdiction which has not previously been addressed by Arizona's appellate courts.

A motion for rehearing must be filed *"within 10 days after the ruling"* by the trial court on petition. Rule 32.9(a). (Emphasis added). A petition for review must be filed within 10 days *"after the denial"* by the trial court of the motion for rehearing. Rule 32.9(c). (Emphasis added). Compliance with these time limits is a prerequisite to this Court's jurisdiction. *State v. Gause*, 112 Ariz. 296, 541 P.2d 396 (1975), cert. denied 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976). Under the literal language of these rules, the applicable time periods are not triggered by "service" but

rather by "the ruling of the court" for the purpose of filing a motion for rehearing, and by "the denial of the motion for rehearing" for the filing of a petition for review. However, the Arizona Supreme Court has nevertheless held that Rule 1.3, Arizona Rules of Criminal Procedure, is applicable so as to extend the time limit by five days where service is made by mail.[1] *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978). The *Savage* decision leaves unanswered the question of when the extended time period commences to run. Does it commence upon the issuance of the trial court's order as specified in Rules 32.9(a) and (c), or does it commence upon "service", the triggering event normally considered necessary to bring into play Rule 1.3?

■ In our opinion *Savage* must be interpreted as making service the triggering event.[2] Under the provisions of Rule 5(c), Arizona Rules of Civil Procedure,[3] "[s]ervice by mail is complete upon mailing." Therefore the time periods applicable in this proceeding commenced upon the mailing by the clerk of the trial court's rulings. Considered in this light, both the motion for rehearing and the petition for review were timely filed. Therefore, this Court has jurisdiction to consider the merits of petitioner's contentions.[4]

We now turn to petitioner's argument that his plea was induced by his trial counsel's promise that he would receive probation with no more than 60 days incarceration. We have reviewed the testimony and evidence presented at the evidentiary hearing of August 22, 1979 and agree with the trial court's findings that petitioner failed to carry his burden of proof as required by Rule 32.8(c). *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978). The testimony of petitioner and his wife that the promise was made and that the plea agreement was signed by petitioner before the advice of range of sentence was inserted is in direct conflict with the testimony of petitioner's trial counsel and the prosecuting attorney. In addition, the State called petitioner's probation officer who testified that at no time did petitioner indicate to him that he had been promised by his counsel that he would receive probation. The probation officer further testified that had such a representation been made, he would have entered it in his presentence report and that the report did not reflect such a promise. Under these circumstances, the evidence is more than sufficient to support the trial court's findings.

■ As to petitioner's argument in his motion for rehearing that the trial court

---

1. The pertinent provision of Rule 1.3 reads as follows:

   "Whenever a party has the right or is required to take some action within a prescribed period *after service* of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed period." (Emphasis added).

2. Our conclusion necessarily requires that Rules 32.9(a) and (c) be considered as though reading as follows:

   Rule 32.9(a):
   "Any party aggrieved by a final decision of the trial court in these proceedings may, within 10 days after [the service of] the ruling of the court, move the court for a rehearing setting forth in detail the grounds wherein it is believed the court erred. There shall be a response filed within 10 days and reply within 10 days." (Added language in brackets).

Rule 32.9(c):
"Upon denial of a motion for rehearing any party aggrieved may petition the appropriate Appellate Court for review of the actions of the trial court. The petition shall be filed with the clerk of the Superior Court and within 10 days after [the service of] the denial of the motion for rehearing." (Added language in brackets).

3. Rule 35.5, Arizona Rules of Criminal Procedure, makes Rule 5, Arizona Rules of Civil Procedure, applicable in criminal proceedings.

4. If the trial court's rulings in this proceeding had been mailed on the date the rulings were made by the trial judge, the filing of both the motion for rehearing and the petition for review would have been untimely, thus depriving this Court of jurisdiction. Here, the record affirmatively shows the mailing dates. In the absence of such a showing, the presumption under Rule 35.6, Arizona Rules of Criminal Procedure, would be that the mailing occurred on the date the order was entered.

erred in failing to grant his motion to continue the evidentiary hearing, this was a matter solely within the discretion of the trial court. *State v. Blodgette*, 121 Ariz. 392, 590 P.2d 931 (1979). Here, the petitioner was brought from the Arizona State Prison to the Maricopa County Jail on August 20, 1979, two days prior to the hearing. The requested continuance was based upon the statement of petitioner's attorney that he had not had time to sufficiently interview either the petitioner or the probation officer prior to the hearing. There is no specific allegation as to how petitioner was prejudiced. Under the circumstances, we find no abuse of discretion.

Finally, petitioner has argued for the first time in his motion for rehearing that his plea should be set aside because his trial counsel in one of the prior convictions also represented a codefendant. We agree with the trial court that this issue may not be raised for the first time in the motion for rehearing. See Rule 32.9(a) and Rule 32.-6(d). In addition, an attorney may represent codefendants in a criminal case and this Court will not presume reversible error unless an actual conflict of interest is shown. *State v. Williams*, 122 Ariz. 146, 593 P.2d 896 (1979). Petitioner has alleged no facts indicating a conflict of interest.

For the reasons stated, review is granted, relief denied.

EUBANK, P. J., and O'CONNOR, J., concur.