635 P.2d 857

**STATE of Arizona, Respondent,**

v.

**Jonathan Collins GRANGE, Petitioner.**

**No. 1 CA–CR 4370–PR.**

Court of Appeals of Arizona, Division 1, Department A.

April 21, 1981.

Rehearing Denied April 15, 1981.

Review Granted May 5, 1981.

---

Michael E. Benchoff, Ltd. by Michael E. Benchoff and Richard F. Albrecht, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Atty. Gen., Phoenix, William L. Hicks, Yavapai County Atty., Prescott, for respondent.

## OPINION

DONOFRIO, Judge.

Jonathan Collins Grange was charged in 1974 in a two-count information with assault with a deadly weapon in violation of A.R.S. §§ 13–249(A) and (B), 13–139, 13–140 and with conspiracy to assault and/or rob in violation of A.R.S. §§ 13–331(A), 13–333, 13–641, 13–245.[1] Following a jury trial, Grange was found guilty of both counts. A mitigation hearing was held and after entry of judgment of guilt, Grange was sentenced to concurrent terms of 10 to 20 years on count one and 5 to 15 years on count two. The convictions and sentences were af-

firmed on appeal to this Court. *State v. Grange*, 25 Ariz.App. 290, 543 P.2d 128 (1975).

Grange began these proceedings by filing a petition for post-conviction relief with the trial court in August of 1977, through counsel. 17 A.R.S., Rules of Criminal Procedure, rule 32.4.a. The case was originally assigned to Judge Rosenblatt of Yavapai County, the sentencing judge. When it became apparent that Judge Rosenblatt's testimony might be necessary at the hearing on the petition, the case was transferred to Judge LaPrade of Maricopa County by agreement of the parties. Rule 32.4.c; Rule 10.5.[2] After extensive discovery, a hearing on the petition was held in January, 1979. Rule 32.8. After hearing oral argument on the petition, Judge LaPrade denied the petition. A motion for rehearing was filed and denied on three different occasions by Judge LaPrade. Rule 32.9.a. The proceeding is before us now upon a petition for review filed with the trial court. Rule 32.9.c. We dismiss the petition because we find that we have no jurisdiction to entertain it.

The procedures and time limits specified in Rule 32 are jurisdictional and must be complied with in order to permit appellate review of trial court action on a Rule 32.9 petition. *State v. Gause*, 112 Ariz. 296, 541 P.2d 396 (1975), *cert. denied*, 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976); *State v. Stelter*, 25 Ariz.App. 303, 543 P.2d 141 (1975). Rule 32.9.a requires that a motion for rehearing be filed within 10 days after denial of the petition for post-conviction relief. Rule 32.9.c mandates

---

1. All references are to statutes as they existed prior to the effective date of the new Arizona Criminal Code, October 1, 1978.

2. Rule 10.5 Transfer to another judge or county:

"a. Designation of New Judge. After a request under Rule 10.2 has been filed or a motion under Rules 10.1 or 10.3 granted, the case shall be transferred immediately to the presiding judge who shall reassign the case to a new judge. No further change of judge under Rule 10.2 shall be permitted to the party making such request.

b. Proceedings on Transfer. When a transfer is ordered, the judge or clerk shall transmit to the new judge all papers in the proceeding. In addition, if the case is transferred to another county, the clerk shall transmit to the clerk of the court to which the proceedings are transferred all papers in the proceeding, any evidence in his custody, and any appearance bond or security taken, and the sheriff shall transfer custody of the defendant, if in custody, to the sheriff of the county to which the proceeding is transferred. The file shall retain the case number and designation of the originating county."

that a petition for review be filed within 10 days after denial of the motion for rehearing. The 5-day extension for mailing provision of Rule 1.3 [3] is applicable to Rule 32.9. *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978). It will be presumed that the date of the court's order denying the petition for postconviction relief or motion for rehearing will be the same date that the superior court clerk mails the order to the parties, but where the record indicates a discrepancy between these two dates, the 15-day period must be computed from the date of mailing rather than the date of the court's entry of the order. Criminal Rule 35.6; [4] Criminal Rule 35.5; [5] 6 A.R.S., Rules of Civil Procedure, rule 5; [6] *State v. Byers*, 126 Ariz. 139, 613 P.2d 299 (App.1980). Similarly, the parties to a petition for postconviction relief have 15 days to respond to pleading under Rule 32.9.a. Criminal Rule 1.3; Criminal Rule 35.5; Civil Rule 5.

As mentioned previously, Judge Rosenblatt of Yavapai County was removed from consideration of these proceedings for cause, and in fact did become a witness at the hearing. *See* 17 A.R.S., Rules of Criminal Procedure, Rule 10. The new judge, Judge LaPrade of Maricopa County, was selected by stipulation of the parties and the file was transferred to him, but the case was not transferred to Maricopa County. *See* Rule 10.5. Therefore, this matter remained a pending Yavapai County court action during the proceedings prior to the filing of the petition for review by this Court. All pleadings were eventually filed with the Yavapai County Superior Court clerk's office, and all of Judge LaPrade's orders were forwarded to the Clerk of Yavapai County Superior Court for entry in that office. Thus, in examining the timeliness of the motion for rehearing and petition for review herein within the requirements of Rule 32.9, we must examine the dates of actual delivery of those documents to the Clerk of Yavapai County Superior Court, rather than the dates of any mail-

---

**3.** Rule 1.3 Computation of time.
"In computing any period of time of more than 24 hours prescribed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday, in which case the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, 5 days shall be added to the prescribed period."

**4.** Rule 35.6. Notice of orders.
"Immediately upon the entry of any order in a criminal case, other than in open court, the clerk shall mail to all parties a copy thereof."

**5.** Rule 35.5. Service and filing.
"Unless otherwise specified in these rules, the manner and sufficiency of service and filing of motions, requests, petitions, applications, and all other pleadings and documents shall be governed by Rule 5 of the Rules of Civil Procedure."

**6.** 5(c) Service; how made. Whenever under these Rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering or mailing a copy to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this Rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other persons in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling-house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing.

5(g) Filing. Except for offers of judgment under Rule 68, all papers after the complaint required to be served upon a party or to be filed with the court within a specified time shall be both filed with the court and served within that specified time.

5(h) Filing with the court defined. The filing of pleadings and other papers with the court as required by these Rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him and in that event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

ings of such documents to Judge LaPrade in Phoenix. Rule 32.9; Rule 35.5; Civil Rule 5.

We next note that there is no absolute right to oral argument on a motion for rehearing. The Supreme Court has the power to make all rules relative to procedural matters in the courts of Arizona. *Arizona Constitution*, Art. 6, § 5, subsec. 5. The Supreme Court has not adopted an oral argument requirement in Rule 32, and the rule-making power of the Supreme Court may not be supplemented, annulled or superseded by another court such as the superior court. *Anderson v. Pickrell*, 115 Ariz. 589, 566 P.2d 1335 (1977). By local rule neither Yavapai nor Maricopa County Superior Courts could superimpose the oral argument requirement on Rule 32. Criminal Rule 36.[7] The superior court is not required to grant an oral argument on any motion. Criminal Rule 35.2.[8]

Finally, assuming a trial court erred in failing to allow enough time for a reply to a response to a motion for rehearing as required in Rule 32.9.a. and did not grant a requested oral argument thereon, it would not have jurisdiction to suspend the time limits of Rule 32 by re-examining its prior order denying a motion for rehearing. A.R.S.Const. Art. 6, § 5, subsec. 5; *Anderson v. Pickrell, supra.* While the superior court has jurisdiction to authorize a late appeal from a conviction, it does not have the corresponding power to authorize the filing of a delayed petition for review of Rule 32 proceedings. *State v. Bender,* 116 Ariz. 372, 569 P.2d 316 (App.1977). *See also Haechler v. Andrews,* 2 Ariz.App. 395, 409 P.2d 315 (1966).

Guided by these principles, we now turn to the procedural history of this case. The petition for post-conviction relief was denied by minute entry in Maricopa County, mailed to Yavapai County, filed in the Yavapai County Superior clerk's office, and mailed from that office on May 31, 1979. For purposes of computing the 15-day period within which the motion for rehearing had to be filed, this is the controlling date. *State v. Byers, supra.* The motion for rehearing was mailed to Judge LaPrade in Phoenix and to the State's attorney on May 29, 1979, but was not filed in the Yavapai County Superior Court clerk's office until June 22, 1979. This is the controlling date for filing of the motion for rehearing, and it was clearly untimely.

The motion for rehearing contains a request for oral argument which was apparently never ruled upon. After considering only the written motion and the response by the State, Judge LaPrade entered a denial of the motion for rehearing, which was mailed to Yavapai County, filed in the clerk's office, and mailed by the clerk on June 22, 1979. This date was prior to the time within which petitioner was entitled to file a reply under Rule 32.9.a.[9]

In September, Judge LaPrade examined the reply and all the other pleadings and reaffirmed his prior denial of the motion for rehearing. His order was filed in Yavapai County and mailed to the Yavapai County clerk's office on September 20, 1979. On that same date, he changed and amended his previous order reaffirming the prior denial of the motion for rehearing via a formal written order, doing so because he had not previously considered the reply and because oral argument had been requested but not granted. The written order stated that he had re-examined all the pleadings including the reply, and that oral argument had been waived, and that the motion for rehearing would again be denied. This

7. Rule 36. Local Rules
"Any court may make and amend rules governing its practice not inconsistent with these rules. No such rule shall become effective until approved in writing by the Supreme Court."

8. Rule 35.2. Hearing; oral argument.
"Upon request of any party, or on its own initiative, the court may set any motion for hearing. The court may limit or deny oral argument on any motion."

9. The reply in question was timely mailed, but was not filed in the Yavapai County Superior Court clerk's office until July 31, 1979 and was therefore not timely.

third order overruling the motion for rehearing was filed in Yavapai County Superior Court and mailed by the clerk on September 25, 1979. The petition for review was ultimately filed in the Yavapai County Superior Court clerk's office on September 20, 1979.

As discussed previously, the trial court had no authority to extend the time limits of Rule 32, by entering orders denying the motion for rehearing, subsequent to the original denial thereof. *State v. Bender, supra.* The second and third denials of the motion for rehearing were of no effect. Therefore, the petition for review filed September 20, 1979 was well outside the permissible 15-day period from June 22, 1979 and was untimely.

As both the motion for rehearing and petition for review herein were untimely filed, this Court has no jurisdiction except to dismiss this petition for review.

Petition dismissed.

FROEB, P. J., and WREN, J., concur.