635 P.2d 843

**STATE of Arizona, Respondent,**

v.

**Jonathan Collins GRANGE, Petitioner.**

No. 5289–PR.

Supreme Court of Arizona,
In Banc.

Oct. 6, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Crane McClennen, Asst. Attys. Gen., Phoenix, William L. Hicks, former Yavapai County Atty., Charles Hastings, Yavapai County Atty., Prescott, for respondent.

Michael E. Benchoff, Ltd. by Michael E. Benchoff, Richard F. Albrecht, Phoenix, for petitioner.

CAMERON, Justice.

The Court of Appeals, Division One, 635 P.2d 857, dismissed defendant's petition for review of a Rule 32 proceeding in the trial court. We granted defendant's petition for review of the dismissal by the Court of Appeals. We have jurisdiction pursuant to Rule 31.19, Rules of Criminal Procedure, 17 A.R.S.

We must answer two questions:

1. Did defendant make a timely motion for rehearing of the trial court's denial of the Rule 32 petition for post-conviction relief?

2. Was defendant's petition for review of the actions of the trial court timely filed?

The facts necessary for a resolution of these issues are as follows. The defendant, Jonathan Collins Grange, was found guilty of assault with a deadly weapon in violation of former A.R.S. §§ 13–139, 13–140, 13–249, and first degree conspiracy to assault and/or rob in violation of former A.R.S. §§ 13–331, 13–333, 13–641 and was sentenced by Judge Paul G. Rosenblatt on 3 December 1974 to concurrent terms of 10 to 20 years on the assault conviction and of 5 to 15 years on the conspiracy conviction. The convictions and sentences were affirmed on direct appeal by the Court of Appeals, Division One, in *State v. Grange*, 25 Ariz.App. 290, 543 P.2d 128 (1975), and this court denied review on 3 February 1976.

On 22 August 1977, defendant filed a petition for post-conviction relief in the Yavapai County Superior Court pursuant to Rule 32.4(a), Rules of Criminal Procedure, 17 A.R.S. The case was originally assigned to Judge Rosenblatt, but once it became apparent that Judge Rosenblatt's testimony was relevant, the case was assigned, with the consent of the parties, to Judge Paul W. LaPrade, a Superior Court Judge in Maricopa County. Rule 32.4(c). At this point, we note that there were two procedures that could have been followed. First, the matter could have been transferred, pursuant to Rule 10.5(a), Rules of Criminal Procedure, 17 A.R.S., to Judge LaPrade sitting as a visiting judge in the Yavapai County Superior Court. In such case, the pleadings would have been properly filed in the office of the clerk of Yavapai County Superior Court. Second, the matter could have been transferred to Maricopa County, pursuant to Rule 10.5(b), Rules of Criminal Procedure, 17 A.R.S. In such instance, the papers could have been properly filed in the Maricopa County clerk's office. The minute entries, however, do not indicate exactly what was intended. For example, the minute entry of 20 September 1978 states:

"ORDERED transferring criminal file to Judge LaPrade, Maricopa County Superior Court."

while a minute entry of 29 December 1978 states:

"This cause having been transferred to Division 13, Maricopa County,

"ORDERED the Clerk of the Superior Court of Maricopa County to issue subpoenas as requested by parties."

In addition, the parties created additional confusion by filing many of the pleadings directly with Judge LaPrade. Admittedly, Rule 5(h), Rules of Civil Procedure, 16 A.R.S., provides that a judge may allow pleadings to be filed with the judge so long as he notes the "filing date and forthwith transmit[s] them to the office of the clerk." In the instant case, however, the pleadings that were filed with Judge LaPrade were not marked by the judge with the filing date, though it would appear that all such pleadings did eventually find their way to the clerk of the Yavapai County Superior Court.

Following an evidentiary hearing and oral arguments, Judge LaPrade denied the petition for post-conviction relief by minute order which was received and entered of record on 17 May 1979 by the Yavapai County Superior Court clerk. Copies were mailed to the State and defendant's counsel on 31 May 1979. Defendant's motion for rehearing was filed with the Yavapai County clerk on 22 June 1979, but the motion itself indicates that it was mailed to Judge LaPrade and the Attorney General's Office on 29 May 1979. The State's response to the motion for rehearing was filed in Yavapai County on 14 June 1979, eight days prior to the filing date on the motion for rehearing. Judge LaPrade denied the motion for rehearing by minute order dated 21 June 1979, one day before defendant's motion was filed in Yavapai County. The defendant's reply to the response was submitted to Judge LaPrade and the Attorney General's Office on 29 June 1979, eight days after the trial court's ruling.

When Judge LaPrade was informed that he had ruled without considering defendant's reply memorandum, he reviewed all the pleadings and reaffirmed the 21 June 1979 order denying the motion for rehearing by a minute entry order which was filed

in Yavapai County on 12 September 1979. On 20 September 1979, defendant filed a petition for review from the 12 September order. The Court of Appeals, Division One, dismissed the petition for lack of jurisdiction in *State v. Grange*, Ariz., 635 P.2d 857 (App.1980), and we granted review to consider only the two jurisdictional issues.

## MOTION FOR REHEARING

■ The relevant rule of criminal procedure provides:

"a. Motion for Rehearing; Response; Reply. Any party aggrieved by a final decision of the trial court in these proceedings may, within 10 days after the ruling of the court, move the court for a rehearing setting forth in detail the grounds wherein it is believed the court erred. There shall be a response filed within 10 days and reply within 10 days." Rule 32.9, Rules of Criminal Procedure, 17 A.R.S.

The ten day time period of Rule 32.9(a) commences to run upon notice of the trial court's "ruling" on the petition for post-conviction relief. *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978). Allowing for a five day extension-for-mailing provision of Rule 1.3, Rules of Criminal Procedure, 17 A.R.S., when notice is given by mail, *State v. Byers*, 126 Ariz. 139, 613 P.2d 299 (App. 1980), the motion for rehearing should have been filed in the Yavapai County clerk's office no later than 15 June 1979. If we consider that the order denying the petition for post-conviction relief was mailed to defendant's counsel on 31 May 1979, then defendant's motion for rehearing filed 22 June 1979 was not timely even though the motion indicates it was mailed to Judge LaPrade on 29 May 1979.

In a case in which the defendant presented "no valid reason for his non-compliance," we stated that there must be strict compliance with the time limits of the rule:

"In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule. Rule 32.9(a) specifically requires that the petitioner timely move the court for rehearing in order that the

trial court have a last chance to correct any errors or omissions." *State v. Gause*, 112 Ariz. 296, 297, 541 P.2d 396, 397 (1975), *cert. denied*, 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976).

There was no "valid reason" for the late filing in *State v. Gause*, supra, but there appears to be a "valid reason" for the failure of strict compliance in the instant case. The State does not dispute the fact that defendant mailed the motion for rehearing to Judge LaPrade on 29 May 1979, well within the time frame specified by Rule 32.9(a), even though the actual filing date was not noted on the motion as required by Rule 5(h). It appears that counsel for defendant was in compliance with the rule if we consider only the filings with the judge, but not if we consider only the filings in the Yavapai County clerk's office. We cannot, however, ignore the filing in the clerk's office and rely upon the filings with the judge any more than we can ignore the filings with the judge and rely exclusively upon the filings in the clerk's office. We must consider them together, and when we do, we reach the conclusion that if the time limits were not followed, as it appears they were not, there was a valid reason for allowing a late filing. Since these time limits are not jurisdictional, as we have held this day, see *State v. Pope*, Ariz., 635 P.2d 846 (1981), the Court of Appeals could hear the matter.

Though counsel for defendant must share in this confusion by his filing of the motion with the judge rather than the clerk of the court, we recognize that there were reasonable grounds to believe that the rehearing was properly filed. We believe, limited to the facts in this case, there was a "valid reason for * * * non-compliance" with Rule 32.9(a), and the motion for rehearing filed with the Yavapai County Superior Court clerk on 22 June 1979 was timely.

## PETITION FOR REVIEW

■ It is also contended that the petition for review of the denial of the motion for rehearing was not timely filed. The State's response to the motion for rehearing was

filed on 14 June 1979, and the reply was filed on 29 June 1979, within the 15 days for reply if by mail. Rule 32.9 and 1.3. Judge LaPrade, however, had previously denied the motion for rehearing on 21 June. When Judge LaPrade was informed that he had ruled without considering the defendant's reply memoranda, he reviewed the file and reaffirmed the 21 June 1979 order by minute entry filed 12 September 1979. Defendant filed a petition for review of the actions of the trial court on 20 September 1979, within the 10 day time limits provided by Rule 32.9(c). We believe the petition for review was timely filed.

A word of caution is indicated. We are aware that pleadings sometimes are filed with the judge rather than the clerk of the court. This can and often does result in confusion and even loss of rights. The office specifically charged with the responsibility for receiving such papers and noting the time of filing is the clerk of the court, and it is only there that a party can be certain his pleading is properly and timely filed. The result when the rule regarding filing is not followed is illustrated by this case. By filing with the judge rather than the clerk of the court, the rights of the defendant were unnecessarily jeopardized.

The decision and opinion of the Court of Appeals, Division One, is vacated, and the petition for review is reinstated. Inasmuch as the file is already in this court, we will retain jurisdiction for the purpose of a decision on the merits.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.