893 P.2d 73

**STATE of Arizona, Appellee,**

v.

**Charles F. JOHNSON, Appellant.**

**No. 1 CA–CR 93–0638.**

Court of Appeals of Arizona,
Division 1, Department E.

April 6, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Dawn M. Northup, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for appellant.

## OPINION

**KLEINSCHMIDT, Presiding Judge.**

This is an appeal from a revocation of probation. The only question is whether the Defendant's probation expired before a petition to revoke was filed. We find that it did not, and we therefore affirm the order revoking probation.

Following his plea of guilty to aggravated assault, the Defendant was placed on five years probation to run from August 9, 1988. In 1989, and again in 1993, he was found to have violated probation, but on each occasion was reinstated on probation for the five-year period to run from August 9, 1988.

On August 6, 1993, after learning that the Defendant had been accused of a new offense, the Defendant's probation officer prepared a third petition to revoke. Conscious of the fact that the probation was about to expire, the probation officer personally took the written document, entitled "Petition to Revoke Probation; Order for Warrant or Summons," to Judge Jeffrey A. Hotham of the Superior Court for Maricopa County. That same day, August 6, Judge Hotham signed the order directing the issuance of a bench warrant for the Defendant's arrest. On the same day the judge signed the order, a deputy clerk, presumably the judge's courtroom clerk, issued a bench warrant for the Defendant's arrest. The warrant bore the printed recitation that a petition to revoke probation had been filed.

It is not clear from the record what happened to the petition and order after the deputy clerk issued the bench warrant, but it was not date stamped by the Maricopa County Superior Court Clerk's Office until August 9, 1993. August 6, 1993, was a Friday, and we surmise that the orders the judge signed on the 6th were not taken to the clerk's office until Monday, the 9th of August.

A revocation hearing was held before Judge Louis A. Araneta. The Defendant argued at the revocation hearing, and continues to argue on appeal, that the trial court lacked jurisdiction to revoke his probation. He asserts that his five-year probationary period ended at midnight, August 9, 1993, which was prior to the time the petition and order were transmitted to the clerk's office and date stamped.

■ Once the period of probation has expired, the court lacks jurisdiction to revoke probation. *State v. White*, 115 Ariz. 199, 205, 564 P.2d 888, 894 (1977). However, the run-

ning of probation is tolled "from the filing of the petition to revoke probation to the termination of revocation of probation proceedings." Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–903(D) (1989). Thus, the question is whether the petition was filed within the meaning of section 13–903(D) when the judge received the petition and signed the order for the issuance of the warrant.

Judge Araneta, who considered the Defendant's request to dismiss the petition for revocation of probation, found that the petition had been timely filed. He relied on Rule 27.5, Arizona Rules of Criminal Procedure (1987), which reads:

> **a. Petition to Revoke Probation.** If he has reasonable cause to believe that a probationer has violated a written condition or regulation of probation, the probation officer responsible for the probationer's conduct or the county attorney of the county in which the probationer was convicted may petition the sentencing court to revoke probation.
>
> **b. Securing the Probationer's Presence.** After a petition to revoke has been filed, the sentencing court may issue a summons directing the probationer to appear on a specified date for a revocation hearing or may issue a warrant for the probationer's arrest.

Judge Araneta analogized the judge's approval of the petition to revoke to the submission of a complaint to a judge to commence a criminal action under Rule 4.2(b), Arizona Rules of Criminal Procedure (Supp. 1994), and said:

> I find that the signature of Judge Hotham on August 6, 1993, served the purpose of approval, approving and authorizing the petition to revoke probation to go forward and I further find that by so doing, Judge Hotham reviewed and accepted the petition to revoke probation, accepted it as being filed for the purpose of his issuing a warrant for the arrest of Mr. Johnson and thereafter signed the order directing the issuance of a bench warrant for Mr. Johnson's arrest on August 6, 1993.

The judge's analogy between commencing felony prosecutions and filing petitions to revoke probation, standing alone, does not completely answer the question because the rules the judge cited do not say when the complaints referred to in the rules are deemed filed. The trial judge's findings and logic did not end, however, with his analogy to the rules relating to felony complaints. He also found that when Judge Hotham approved the petition and signed the order for the warrant, he "accepted it as being filed for the purpose of his issuing a bench warrant." This finding ties in with Rule 5(h), Arizona Rules of Civil Procedure (Supp.1994), which applies in criminal cases by virtue of Rule 35.5, Arizona Rules of Criminal Procedure (1987). Rule 5(h) provides:

> **Rule 5(h). Filing With the Court Defined.** The filing of pleadings and other papers with the court as required by these Rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, and in that event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

Thus, under our rules, it is literally possible to "file" papers with the judge. While Judge Hotham did not make a notation of the "filing date" on the petition and order, he did date it when he signed it. The document was then placed in the hands of a deputy clerk who issued the warrant. The petition and order were forwarded to the clerk's office on the next business day. All of this constituted substantial compliance with Rule 5(h).

We are aware of one case which discusses Rule 5(h), *State v. Grange,* 130 Ariz. 250, 635 P.2d 843 (1981), which requires careful consideration. In *Grange,* the question was whether a motion for rehearing was timely filed. The judge who was hearing the case was not from the county in which the case was pending. The parties fell into the habit of sending the judge papers through the mail without filing them with the clerk of the court. While it was undisputed that the motion for rehearing was timely received by the judge through the mail, the record does not indicate that the judge dated it as filed. Nor did he forward it to the clerk of the

court forthwith. Ultimately, apparently weeks or months later, all the papers the judge had received through the mail were filed with the clerk. The supreme court, in apparent reference to the fact that the judge had not dated the documents as filed and forthwith forwarded them to the clerk, noted that it "appear[ed]" that the motion was not timely filed. The court went on to excuse the late filing of the motion, which was not jurisdictional.

Unlike the motion at issue in *Grange,* a failure to timely file the petition to revoke probation is jurisdictional. There are, however, valid distinctions between *Grange* and the case before us. Here, as opposed to what the judge did in *Grange,* Judge Hotham dated the order and gave it to a deputy clerk the same day, and the order was delivered to the clerk's office to be file stamped the next business day. As we have already said, this constituted substantial compliance with Rule 5(h), and we do not believe that *Grange* controls this case.

We have considered each of the Defendant's arguments. He asserts that the normal meaning of filing is to deliver papers required to be filed to the clerk of the court. This argument does not reckon with Rule 5(h), which expressly allows filing with the judge.

The Defendant argues that Rule 28.1, Arizona Rules of Criminal Procedure (Supp. 1994), requires the clerk of the court to receive all papers, documents and records filed in all criminal cases. Again, the Defendant ignores Rule 5(h), and he ignores the fact that the clerk did, within one business day, receive the petition and order.

The Defendant argues that if parties are allowed to file papers with the judge, the rule requiring the clerk to receive and file documents is superfluous. This argument overlooks the fact that even when items are filed with the judge under Rule 5(h), they must be forwarded to the clerk for inclusion in the file.

Finally, the Defendant points out that the clerk's date stamp should be controlling because it is a more reliable indicator of when documents are received. He bolsters this argument by pointing out that the "6" on the date of the judge's order for the issuance of the bench warrant is suspect because it appears to have been altered. We note that the "6" does appear to have been written over another number which looks like it might have been an "8." The Defendant never sought to explore this possible alteration at the hearing, and any alteration, assuming such occurred, could be completely innocent. The fact that the bench warrant was issued on August 6 pursuant to the order is strong evidence that no irregularity occurred.

The order of the trial court revoking probation and the sentence imposed are affirmed.

GRANT and CONTRERAS, JJ., concur.