110 P.3d 1280

**In re STEPHANIE N.**

No. 1 CA–JV 04–0203.

Court of Appeals of Arizona,
Division 1, Department D.

April 28, 2005.

Andrew Thomas, Maricopa County Attorney By Linda Van Brakel, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender By Suzanne Sanchez, Deputy Public Defender, Mesa, Attorney for Appellant.

## OPINION

GEMMILL, Judge.

¶1 Stephanie N. was adjudicated delinquent and placed on probation. Absent specific statutory exceptions, the period of juvenile probation is no more than one year. Ariz.Rev.Stat. ("A.R.S.") § 8–341(B) (Supp. 2004). Eight days before the end of one year on probation, her probation officer filed a petition to revoke her probation, alleging that she had violated a condition of her probation. The probation violation hearing was held more than one year after she was placed on probation. She was found to have violated a condition of her probation, and the juvenile court continued her probation. Stephanie appeals the latter rulings, challenging the juvenile court's jurisdiction to conduct the probation violation hearing and to continue her probation. Because we conclude that the juvenile court possessed jurisdiction, we affirm.

### I.

¶2 On September 24, 2003, the juvenile court placed Stephanie on probation after she was adjudicated delinquent for criminal damage, a class 2 misdemeanor. On September 16, 2004, Stephanie's probation officer filed a petition to revoke her probation, alleging that she had violated a specific condition of her probation.

¶3 On September 27, 2004, the juvenile court held an advisory hearing on the petition to revoke probation. Stephanie denied that she had violated any conditions of probation and also moved to dismiss the petition to revoke, arguing that the juvenile court lacked subject-matter jurisdiction because her one-year term of probation had expired on September 24, 2004. The State responded that the juvenile court had subject-matter jurisdiction over the petition to revoke probation because the petition had been filed within one year from the date her probation had begun and the expiration of her probation would be tolled by the filing of the petition.

The court denied the motion to dismiss and set the matter for a probation violation hearing.

¶ 4 The probation violation hearing was conducted on October 18, 2004. At the conclusion of the hearing, the court adjudicated Stephanie in violation of probation and continued her probation. Stephanie filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 8–235(A) (Supp.2004), 12–120.21(A)(1) (2003), and –2101(B) (2003).

## II.

¶ 5 The sole issue raised by Stephanie on appeal is whether the juvenile court had jurisdiction to conduct the probation violation hearing more than one year after she had been placed on probation and to continue Stephanie's probation. The resolution of this jurisdictional issue requires us to consider and interpret several statutory provisions. We apply a *de novo* standard of review to the interpretation of statutes. *State v. Cabanas–Salgado,* 208 Ariz. 195, 196, ¶ 11, 92 P.3d 421, 422 (App.2003); *Simms v. Napolitano,* 205 Ariz. 500, 502, ¶ 9, 73 P.3d 631, 633 (App. 2003).

¶ 6 Stephanie's argument that the juvenile court lacked jurisdiction is based on A.R.S. § 8–341(B) and the opinions in *State v. White,* 115 Ariz. 199, 564 P.2d 888 (1977) and *State v. Johnson,* 182 Ariz. 73, 893 P.2d 73 (App.1995). Section 8–341 addresses the disposition and commitment of juvenile offenders, and subsection (B) provides limitations on the length of juvenile probation:

B. If a juvenile is placed on probation pursuant to this section, *the period of probation may continue until the juvenile's eighteenth birthday, except that the term of probation shall not exceed one year if all of the following apply:*

1. The juvenile is not charged with a subsequent offense.

2. *The juvenile has not been found in violation of a condition of probation.*

3. The court has not made a determination that it is in the best interests of the juvenile or the public to require continued supervision. The court shall state by minute entry or written order its reasons for finding that continued supervision is required.

4. The offense for which the juvenile is placed on probation does not involve the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another.

5. The offense for which the juvenile is placed on probation does not involve a violation of title 13, chapter 14 or 35.1.

6. Restitution ordered pursuant to § 8–344 has been made.

(Emphasis added.)

¶ 7 Because Stephanie will be eighteen years old on June 26, 2005, we are not concerned with the automatic termination of her probation on her eighteenth birthday. She argues, instead, that her probation expired one year from September 24, 2003—the day she was placed on probation—because § 8–341(B) limits probation to one year if the six enumerated conditions are satisfied. She contends that all six conditions were satisfied, but the State argues that her probation could be continued because she had violated a condition of her original probation. She responds that the particular condition at issue, § 8–341(B)(2), was satisfied on September 24, 2004 because *at that moment* she "ha[d] not been found in violation of a condition of probation."

¶ 8 Building on the language of § 8–341(B), Stephanie invokes the following statement from this court's opinion in *Johnson:* "Once the period of probation has expired, the court lacks jurisdiction to revoke probation." 182 Ariz. at 73, 893 P.2d at 73 (citing *White,* 115 Ariz. at 205, 564 P.2d at 894). She contends that her probation ended on September 24, 2004 and the juvenile court, therefore, no longer had jurisdiction to find her in violation of her probation and to continue her probation.

¶ 9 We disagree with Stephanie's analysis. *Johnson* and *White* involved the adult criminal justice system rather than juvenile court statutes and concepts. The proposition that "once the period of probation has expired, the court lacks jurisdiction to revoke probation" is derived from an interpretation of

former A.R.S. § 13–1657 (repealed October 1, 1978). As our supreme court explained in *White:*

> Appellant argues that the trial court was without jurisdiction to revoke his probation and relies on A.R.S. § 13–1657 and a Court of Appeals, Division One, opinion interpreting this statute. *Keller v. Superior Court,* 22 Ariz.App. 122, 524 P.2d 956 (1974).... Judge Haire in *Keller v. Superior Court, supra,* presented a thorough and persuasive discussion of the very same issue that is before us now. *The gist of the decision, based on previous decisions of this Court, was that A.R.S. § 13–1657 is the source of the court's subject matter jurisdiction* and the power to revoke probation exists only during the term of probation. We hereby adopt the reasoning of the Court of Appeals in *Keller.*

115 Ariz. at 205–06, 564 P.2d at 894–95 (emphasis added).

¶ 10 This court in *Keller* emphasized that the trial court's authority regarding adult probation is "purely statutory, and it must be exercised within the time and upon the terms indicated by [§ 13–1657]." 22 Ariz.App. at 123, 524 P.2d at 957. Additionally, "it is clear that the trial court's substantive jurisdiction in this area flows from and is dependent upon [§ 13–1657]". *Id.* at 124, 524 P.2d at 958.

■ ¶ 11 We agree with the principle applied in *Johnson, White,* and *Keller* that the authority of a trial court regarding probation is statutorily created and must be exercised within the terms of the applicable statutes. But A.R.S. § 8–341(B), relied upon by Stephanie, is not analogous for jurisdictional purposes to former A.R.S. § 13–1657. Although the substantive jurisdiction of the superior court regarding the imposition and duration of adult probation previously "flowed from and was dependent upon" former § 13–1657, *Keller,* 22 Ariz.App. at 124, 524 P.2d at 958, the substantive jurisdiction of the juvenile court regarding juvenile probation does not flow from and is not dependent upon § 8–341(B).

¶ 12 Section 8–341(B) does not expressly address jurisdiction. In contrast, the legislature has provided two statutes that expressly create and describe the jurisdiction of the juvenile court: A.R.S. §§ 8–202(G) and –246(A) (Supp.2004). Although § 8–341(B) places limitations on the length of juvenile probation, §§ 8–202(G) and –246(A) establish the jurisdiction of juvenile court.

¶ 13 Chapter 2 of Title 8 of our code establishes and describes the juvenile court. Article 1 of Chapter 2 is entitled "general provisions" and includes A.R.S. § 8–202, entitled "jurisdiction of juvenile court."[1] Subsection (G) of § 8–202 provides:

> Except as otherwise provided by law, jurisdiction of a child that is obtained by the juvenile court in a proceeding under ... chapter 3 ... of this title shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes eighteen years of age, unless terminated by order of the court before the child's eighteenth birthday.

¶ 14 In addition, Article 4 of Chapter 2 of Title 8 addresses the "disposition and commitment" of juvenile offenders and includes A.R.S. § 8–246(A), which further confirms the jurisdiction of the juvenile court:

> When jurisdiction of a juvenile has been acquired by the juvenile court, the juvenile shall continue under the jurisdiction of the juvenile court until the juvenile attains eighteen years of age, unless sooner discharged pursuant to law.

¶ 15 These two statutes, A.R.S. §§ 8–202(G) and –246(A), provide the primary statutory foundation for the jurisdiction of the juvenile court. Because Stephanie's criminal damage allegation was filed under Chapter 3 of Title 8, the juvenile court acquired jurisdiction of Stephanie in accordance with § 8–202(G). She is subject to the jurisdiction of the juvenile court, therefore, until she turns eighteen years of age or is otherwise dis-

---

1. "[A]lthough title and section headings of statutes are not law, we may look to them for guidance." *Pleak v. Entrada Prop. Owners' Ass'n,* 205 Ariz. 471, 474, ¶ 7, 73 P.3d 602, 605 (App.2003), *aff'd,* 207 Ariz. 418, 87 P.3d 831 (2004).

charged from the jurisdiction of the juvenile court. A.R.S. §§ 8–202(G), –246(A).

¶ 16 Stephanie argues that her term of probation expired on September 24, 2004 and the juvenile court therefore lost jurisdiction over her on that day because she had "not been found in violation of a condition of probation" by that date. *See* A.R.S. § 8–341(B)(2). But this argument does not take into account the filing on September 16, 2004 of the petition to revoke probation and the continuing jurisdiction of the juvenile court pursuant to A.R.S. §§ 8–202(G) and –246(A).

■ ¶ 17 We must consider all pertinent statutory provisions in reaching a decision, *Haas v. Colosi*, 202 Ariz. 56, 59, ¶ 10, 40 P.3d 1249, 1252 (App.2002), and related statutes must be interpreted consistently and harmoniously with one another. *Ruth Fisher Elementary Sch. Dist. v. Buckeye Union High Sch. Dist.*, 202 Ariz. 107, 110, ¶ 12, 41 P.3d 645, 648 (App.2002) (citing *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970)).

¶ 18 Section 8–202(G) specifically provides that the juvenile court retains jurisdiction over a juvenile "for the purposes of implementing the orders made and filed in [a juvenile delinquency] proceeding, until the child becomes eighteen years of age, unless terminated by order of the court before the child's eighteenth birthday." Applying this statutory language to the facts before us, the court order placing Stephanie on probation commencing September 24, 2003 imposed several conditions on her. Before the expiration of one year, her probation officer filed a petition to revoke her probation, alleging that she had violated a condition of her probation. The petition was not heard and adjudicated prior to September 24, 2004.[2] But because the petition was filed before the completion of her probation, the juvenile court retained jurisdiction to enforce its prior order imposing on Stephanie specific conditions of probation. *See* A.R.S. § 8–202(G); *see also* A.R.S. § 8–246(A).

¶ 19 Section 8–341(B) must be understood and applied in conjunction with §§ 8–202(G) and –246(A). *See Haas*, 202 Ariz. at 59, ¶ 10, 40 P.3d at 1252; *Ruth Fisher Elementary Sch. Dist.*, 202 Ariz. at 110, ¶ 12, 41 P.3d at 648. The juvenile court may, in circumstances such as these, retain jurisdiction of the juvenile even though the presumptive one-year term of probation has expired.

¶ 20 Stephanie has not yet reached eighteen years of age and the jurisdiction of the juvenile court has not been terminated by an order of the court or by operation of law. The juvenile court retained jurisdiction of Stephanie for the purpose of adjudicating the petition to revoke probation that was filed before the expiration of one year from the start of the probation period, even though the probation violation hearing was not held until after the expiration of the one-year period. Because Stephanie violated a condition of her probation during the initial term, the one-year limit on her term of probation under A.R.S. § 8–341(B) was not applicable and the juvenile court possessed jurisdiction to impose a continuation of her probation. *See* A.R.S. §§ 8–341(B)(2), –202(G), and –246(A); *see also* Ariz. R.P. Juv. Ct. 32(E)(5) (upon finding a violation of a condition of probation, the juvenile court "may revoke, modify, or continue probation").[3]

**III.**

¶ 21 For these reasons, we affirm the juvenile court's adjudication of a probation violation and subsequent disposition.[4]

---

2. We note, however, that both the advisory hearing and probation violation hearing were conducted within applicable time limits. *See* Ariz. R.P. Juv. Ct. 32(D)(1)(b) (advisory hearing); Ariz. R.P. Juv. Ct. 32(E)(1) (probation violation hearing).

3. Our conclusion regarding the juvenile court's jurisdiction is consistent with the rehabilitative purpose of juvenile courts, *see David G. v. Pollard ex rel. County of Pima*, 207 Ariz. 308, 312, ¶ 21, 86 P.3d 364, 368 (2004), and the goal of protecting and promoting the best interests of juveniles. *See In re Miguel R.*, 204 Ariz. 328, 337, ¶ 35, 63 P.3d 1065, 1074 (App.2003) (stating that the "juvenile delinquency proceedings differ from adult criminal prosecutions because the state's role as *parens patriae* is to act in the best interests of the juvenile").

4. Because we believe this result is mandated by A.R.S. §§ 8–202(G) and –246(A), we do not reach the State's additional argument that A.R.S. § 13–903(D) (2001) should be applied to toll a period

CONCURRING: SUSAN A. EHRLICH, Presiding Judge and G. MURRAY SNOW, Judge.

of probation upon the filing of a petition to revoke probation if the probationer is ultimately found to be a violator.